380 So.2d 180 (1980)
Percy V. MOORE, Defendant-in-Rule Appellant,
v.
Marie McGinnie MOORE, Plaintiff-in-Rule Appellee.
No. 14029.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1980.
Sockrider & Bolin by H. F. Sockrider, Jr., Shreveport, for defendant-in-rule-appellant.
Love, Rigby, Dehan & Love by Samuel P. Love, Jr., Shreveport, for plaintiff-in-rule-appellee.
Before MARVIN, JONES and McCLENDON, JJ.
*181 MARVIN, Judge.
When the divorced mother made past due child support executory for the third time in six years and sought to garnishee, as she had before, the wages of the defendant-father, the trial court on the reconventional demand of the father, upheld the garnishment but suspended the father's obligation to pay the accruing child support until the past due child support was satisfied by the garnishment. CC Art. 232.[1]
The mother appeals, contending that the father is not legally entitled to such relief when his financial dilemma is shown to result solely from his own neglect and mismanagement. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). We agree and reverse the judgment insofar as it suspends the father's obligation to pay the accruing child support.
When the parties were legally separated on May 16, 1973, the mother was awarded custody of the two children, then ages four and eight years, and the father was ordered to pay child support.
The father apparently did not fully meet his child support obligations and when the parties were divorced on October 30, 1974, he was ordered to pay $150 per month child support and an executory judgment was rendered against him for $1,290. A garnishment of the father's wages followed. Two additional executory judgments, each followed by a garnishment, have been rendered. These are shown here in tabular form:

 GARNISHMENT
EXECUTORY DATE OF JUDGMENT
 AMOUNT JUDGMENT DATE
 $1,290 10-30-74 11-20-74
 $3,340* 7-02-76 8-19-76
 $5,150* 3-28-79 5-16-79
* Includes $500 attorney fees

The gross amounts withheld from the father's wages under the mother's garnishments during the 52 month period are also tabulated:

From
11-20-74 $ 192
1975 1,010
1976 600
977 2,340
1978 2,611
through
3-25-79 250
 ______
TOTAL $7,003

The amounts withheld have been applied not only to the executory judgments but to interest, attorney fees, and court costs. During the entire 52 month period, the average monthly amount withheld was $134. During the years 1977 and 1978 the amount withheld has averaged slightly in excess of $200 per month.
The father has not voluntarily paid the $150 monthly child support at any time since it began to accrue in 1974.
The father's wages were also subjected to garnishment in 1978 by two judgment creditors who obtained judgments totaling $3,700 in that year. In the judgment appealed from the garnishment for the past due child support was given preference and priority over the other garnishments. The father was discharged in bankruptcy on January 21, 1976, and cannot again obtain the benefits of that law until 1982. The father pays $10 per week under a juvenile court order to a 13-year-old child of a previous marriage. His net pay after all payroll deductions, garnishment and credit union payments, averages $111 per week, or $480 per month.
In 1976 the father began living with his girlfriend who is gainfully employed as an X-ray technician. The father testified that his girlfriend is pregnant by him and that she would not be working for six to eight week surrounding the birth of the expected child.
After the divorce the mother remarried and now has a three-year-old child by that marriage living with her, her husband, and the two children of the first marriage. The mother and her husband are gainfully employed and had a net income of $21,350 in *182 1978. They own their home, two automobiles, and have $1,350 in savings. The two children whose support is in question are now 10 and 14 years old. The $150 per month in question represents only the father's share of their support. See Kelley v. Kelley, 378 So.2d 1069 (La.App.4th Cir. 1979); Manuel v. Broderson, 298 So.2d 333 (La.App.3d Cir. 1974); and Marcus v. Burnett, 282 So.2d 122 (La.1973). A suspension of the father's support obligation for whatever period would require the mother to assume the total support obligation for that period. The amount being paid to the mother under the garnishments is, in essence, a reimbursement for her shouldering of the father's part of the support obligation. Since the divorce on October 30, 1974, the father should have paid through March 25, 1979, a total of $8,240 ($150 X 53 months, plus $1,290 arrearage which accrued during the separation). Notwithstanding that he has had $7,003 withheld from his wages during this time, the mother has not received this exact amount. Court cost, interest, and attorney fees were also paid from the amount withheld, as the law provides.
The father's financial plight arises only from his neglect and his failure to meet his obligations. He has not shown that any fortuitous event or circumstance beyond his control brought about a change in his ability to pay the child support. The judgment which ordered the father to pay the $150 monthly child support also made executory $1,290 which was then owed as past due child support by the father. During the time the child support has been accruing the father has continuously worked for the same employer and has not shown that his earnings have decreased.
The support obligation imposed on the father and the mother of minor children by CC Art. 227 is firmly entrenched in our law and is a matter of public policy. Neither equity (CC Art. 21) nor practical inability to pay (CC Art. 232) overrides this policy or allows a parent to avoid paying his or her share of the obligation where the inability arises solely from that parent's own neglect and failure. Laiche, supra. See also Halcomb v. Halcomb, 343 So.2d 1183 (La. App.3d Cir. 1977); Baer v. Simon, 334 So.2d 796 (La.App.3d Cir. 1976); Tablada v. Tablada, 356 So.2d 1031 (La.App.1st Cir. 1977); Shows v. Shows, 345 So.2d 975 (La.App.2d Cir. 1977), cert. denied; Theriot v. Melancon, 311 So.2d 578 (La.App.3d Cir. 1975).
In the absence of a fortuitous change in circumstances authorizing a reduction in child support, a parent even in financial straits, is obligated to support the legitimate needs of his or her children during their minority. Halcomb, supra.
That portion of the judgment suspending the father's obligation to pay $150 per month child support as it accrues is REVERSED at the cost of the father. Otherwise, the judgment is AFFIRMED at appellee's cost.
NOTES
[1] "When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted."