405 So.2d 620 (1981)
Joseph Leo GUINN, Plaintiff-Defendant in Rule-Appellant,
v.
Linda Price GUINN, Defendant-Plaintiff in Rule-Appellee.
No. 8385.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1981.
James H. Galloway, Jr., Alexandria, for plaintiff-defendant in rule-appellant.
Davis & Murchison, James D. Davis, Alexandria, for defendant-plaintiff in rule-appellee.
Before GUIDRY, FORET and SWIFT, JJ.
FORET, Judge.
Linda Sue Price Guinn (appellee) brought a rule for child support on behalf of her minor child, Ashlee Anne Guinn, born of the marriage between appellee and her former husband, Joseph Leo Guinn (appellant). The trial court rendered judgment on the rule and ordered appellant to pay appellee $225.00 per month for child support.
The sole issue presented on appeal is whether the trial court abused its discretion in the amount awarded.

FACTS
Appellant instituted an action for divorce against appellee on January 30, 1980, on the grounds that they had been living separate and apart for one year. Appellee answered appellant's petition and sought the custody of Ashlee, together with an award of $500.00 per month for child support. After a hearing on the merits, the trial court *621 rendered judgment in favor of appellant and against appellee, decreeing a divorce a vinculo matrimonii between the parties, and awarding appellee custody of Ashlee, and $225.00 per month for child support. Appellant appealed from that judgment.

CHILD SUPPORT AWARD
Appellant contends that the trial court abused its discretion in ordering him to pay $225.00 per month in child support in view of the evidence presented concerning his ability to pay such an award.
LSA-C.C. Article 227 imposes on parents a mutual obligation of support, maintenance, and education of their children. The degree of support is determined by the needs of the child, as well as the circumstances of those who are obligated to pay it. LSA-C.C. Articles 230 and 231; Graval v. Graval, 355 So.2d 1057 (La.App. 4 Cir. 1978); Marcus v. Burnett, 282 So.2d 122 (La.1973); Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3 Cir. 1980).
The evidence shows that Ashlee, who is two years old, suffers from an allergic condition which makes it necessary for her to avoid eating certain foods and wearing clothing made from certain materials. Further, her clothing must be washed in special detergents. Appellee testified that she must take Ashlee to a physician about once a month for treatment of the allergic condition and other medical problems. Appellee expressed a desire to take Ashlee to a specialist if she could afford to do so. Appellee testified that one specialist quoted her a fee of $300.00 for initial consultation and $40.00 per month thereafter for the treatment needed by Ashlee. Appellee is employed and must place Ashlee in a day care center while working.
Appellant testified that he and two friends share a three bedroom, brick home and the expenses connected therewith. Appellant is employed as a sales person for Sears and has an average net monthly income of $570.00. The evidence shows that appellant has been employed as a pipe fitter in the past earning approximately $10.00 per hour. Appellant has also worked in the oil field as a member of a casing crew and as a roughneck. Appellant has a car note of $265.00 per month and estimates a payment of $130.00 per month for gasoline, automobile liability insurance, etc. Thus, it does appear that the award of $225.00 per month for child support is high since it leaves appellant only $345.00 per month to meet his other expenses. However, there is no doubt that Ashlee's needs are higher than would be expected for a normal, healthy child.
The support obligation imposed on the father and the mother of minor children by LSA-C.C. Article 227 is firmly entrenched in our law and is a matter of public policy. Neither equity (LSA-C.C. Art. 21), nor practical inability to pay (LSA-C.C. Art. 232) overrides this policy or allows a parent to avoid paying his or her share of the obligation where the inability arises solely from that parent's own neglect and failure. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). See also Moore v. Moore, 380 So.2d 180 (La.App. 2 Cir. 1980); Theriot v. Melancon, 311 So.2d 578 (La.App. 3 Cir. 1975); Baer v. Simon, 334 So.2d 796 (La.App. 3 Cir. 1976); Dugas v. Dugas, 374 So.2d 1278 (La.App. 3 Cir. 1979). It is apparent that the trial court took into consideration the fact that appellant could find employment in a higher paying job if he so desired. We believe that this is a proper consideration.
The trial court is vested with considerable discretion in fixing child support payments. Such determination will not be disturbed unless there appears to be an abuse of that discretion. Dupre v. May, 365 So.2d 1173 (La.App. 3 Cir. 1978); Gravel v. Gravel, 331 So.2d 580 (La.App. 3 Cir. 1976). We find no abuse of discretion by the trial court in fixing appellant's child support obligation at $225.00 per month.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-defendant in rule-appellant, Joseph Leo Guinn.
AFFIRMED.