417 So.2d 92 (1982)
Linda ALEXANDER, Plaintiff-in-rule-Appellee,
v.
Claude ALEXANDER, Defendant-in-rule-Appellant.
No. 82-59.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
*93 Saunders & Walker, Anthony L. Walker, Ville Platte, for defendant-in-rule-appellant.
James P. MacManus, Lafayette, for plaintiff-in-rule-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
This is an appeal from a judgment ordering defendant-in-rule-appellant, Claude Alexander, to pay to plaintiff-in-rule-appellee, Linda Alexander, his former wife, the sum of $100.00 per month for child support. At the time of the trial of the rule, which resulted in the judgment appealed from, appellant was incarcerated in the Louisiana State Penitentiary at Angola, Louisiana. The trial court, cognizant of appellant's unemployable status due to his imprisonment, fashioned its judgment awarding child support to appellee so that, although the sum owed begins to accrue as of September 1, 1981, such child support payments are not due until six months subsequent to appellant's release from prison pursuant to the sentence which he is now serving. In addition, the trial judge ordered that such payments are not due until a hearing is conducted by the trial court to determine a reasonable payment schedule for those amounts which will be owed at the time of his release. The trial court further ordered that the appellant shall not be held in contempt for failure to pay the child support payments until six months after his release and after the trial court has held a hearing to formulate a suitable payment schedule. Claude appeals from that judgment. Linda has neither answered his appeal nor appealed from the aforesaid judgment.
Appellant and appellee were married on September 13, 1975. One child, Kisha Alexander, was born of this union. The parties separated in November of 1979 and a judgment of separation from bed and board was obtained by Linda on January 25, 1980. No award of custody and no award of alimony and child support was made in the latter judgment. Sometime during the year 1980 Claude was convicted of an undisclosed crime and thereafter incarcerated in the Louisiana State Penitentiary at Angola, Louisiana. By judgment dated January 28, 1981, the parties were divorced with custody of the minor child being awarded to Linda. The latter judgment contains no award of alimony or child support. Sometime in the interim between the separation decree and the divorce decree, appellant instituted a suit for settlement of the community of acquets and gains. This latter suit was settled by compromise, as a result of which Linda received appellant's interest in the family home in consideration of a payment by her to Claude of the cash sum of $5,000.00. Although the exact date of this settlement is not set forth in the record, the record does make clear that the $5,000.00 payment was made to Claude immediately prior to the filing of the instant rule. On August 31, 1981, Linda filed the *94 instant rule seeking an award of child support for her minor daughter, Kisha.[1]
Claude testified that shortly following receipt of the $5,000.00 cash payment, he paid his attorney the sum of $3500.00 for legal services to be rendered in connection with a hearing before the parole board scheduled for some two months subsequent to the hearing in this matter. As to the $1500.00 remaining, according to Claude and his mother, the same was expended in satisfaction of various other debts previously incurred by him. Claude's mother, Mrs. Agnes Alexander, testified that she paid some of Claude's debts with the remaining $1500.00 and that as of the time of the instant hearing, she no longer possessed any funds belonging to him. Such testimony stands uncontroverted. According to the record, at the time of trial, Claude owned no property or other assets whatever and he was totally unemployable by reason of his incarceration in the State Penitentiary.
Claude contends that the trial court erred in awarding child support to Linda since, at the time of trial of the instant rule, he was without means and absolutely unemployable.
LSA-C.C. Article 227 provides that parents have a mutual obligation of support, maintenance, and education of their children. The degree of support is determined by the needs of the child, as well as the circumstances of those who are obligated to pay it. See LSA-C.C. Articles 230 and 231; Guinn v. Guinn, 405 So.2d 620 (La.App. 3rd Cir. 1981); Moore v. Moore, 380 So.2d 180 (La.App. 2nd Cir. 1980); Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir. 1978). Although the circumstances of one obligated to pay support must be considered, it appears to be fairly well settled that a parent cannot be excused from the obligation of providing minimal financial assistance to his or her child absent a showing that he or she is without any means whatever and totally unemployable. Sykes v. Sykes, 308 So.2d 816 (La.App. 4th Cir. 1975); Rakosky v. Rakosky, 275 So.2d 421 (La.App. 4th Cir. 1973), writ denied, 278 So.2d 508 (La.1973); Viser v. Viser, 179 So.2d 672 (La.App. 2nd Cir. 1965); Mosley v. Mosley, 348 So.2d 225 (La.App. 3rd Cir. 1977), writ refused, 350 So.2d 1213 (La. 1977). We believe it to be implicit that, in the application of these principles of law, an award in conformity therewith must be formulated in light of the circumstances which exist at the time the award is made, although, as to this latter, our courts have repeatedly refused to countenance a showing of inability to pay where such inability arises from the parents' own voluntary acts which render the performance of the obligation difficult if not impossible. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (La.1959); Moore v. Moore, supra; Baer v. Simon, 334 So.2d 796 (La.App. 3rd Cir. 1976); Dugas v. Dugas, 374 So.2d 1278 (La.App. 3rd Cir. 1979). In Guinn v. Guinn, supra, we stated:
"The support obligation imposed on the father and the mother of minor children by LSA-C.C. Article 227 is firmly entrenched in our law and is a matter of public policy. Neither equity (LSA-C.C. Art. 21), nor practical inability to pay (LSA-C.C. Art. 232) overrides this policy or allows a parent to avoid paying his or her share of the obligation where the inability arises solely from that parent's own neglect and failure." (citations omitted) (Emphasis ours)
Although this jurisprudential exception is usually applied in cases involving rules to reduce previously fixed alimony and child support awards, we believe such jurisprudential exception to be likewise applicable to an initial award as was the case in Guinn v. Guinn, supra.
In the present case, there is no dispute as to the need for an award of child support and although the evidence adduced establishes appellant's practical inability to pay any award, the record, likewise, clearly *95 reflects that the latter circumstance exists because of appellant's voluntary use of assets, acquired shortly before a hearing in this matter, for the payment of a secondary obligation. As previously indicated, when the instant rule was filed plaintiff was possessed of sufficient means with which to provide some financial assistance to his child and thus, satisfy his obligation of support under C.C. Article 227. In deliberate disregard of this primary obligation, appellant contracted a subsequent obligation, and as a result, paid the sum of $3500.00 in legal fees to his attorney in connection with a future parole board hearing. Under such circumstances, we conclude that, although at the time of trial, appellant demonstrated his practical inability to respond in judgment, he should not be relieved from the payment of his support obligation under C.C. Article 227. As stated in Laiche v. Laiche, supra
"... the provisions of Article 232 of the Civil Code which, as applied to this case, declares that, when a person who gives alimony ` * * * is replaced2 (placed) in such a situation that the one can no longer give, * * * reduction of the alimony may be sued for and granted.' This simply means that, if the person who is required to provide alimony becomes unable to do so, by reason of fortuitous events or other circumstances beyond his control, such as the loss of his position or illness, relief will be granted as it would be highly unjust to exact from the obligor a strict compliance with his duty under those conditions. But it would be contrary to the letter and spirit of the law to conclude that one required to pay alimony should be relieved therefrom, either wholly or partially, when he has brought about his own unstable financial condition by voluntarily incurring subsequent obligations, secondary to the alimony obligation, which render him unable to meet that obligation. Note the language of the codal article. It states he `is replaced (sic) in such a situation that the one can no longer give * * *', connoting an involuntary condition.
It is to be borne in mind that it is the primary obligation of plaintiff to support, maintain and educate his children (Article 227, Civil Code)3.... Indeed, any voluntary act by a parent which renders it difficult or impossible to perform the primary obligation of support and maintenance of his children cannot be countenanced as a ground for release, either wholly or partially, from the obligation." (Emphasis ours) (footnotes omitted)
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to defendant-in-rule-appellant, Claude Alexander.
AFFIRMED.
NOTES
[1] Appellee in her brief to this court indicates that on two occasions previous to August 31, 1981, she filed rules seeking an award of child support, however, without success because of the defendant-in-rule's lack of means. There is no evidence in the record to support this assertion other than a colloquy between counsel for appellee and the trial judge.