DOUCET, Judge.
This is an action by Gary Ewing to reduce child support and to amend visitation privileges. The trial court denied Mr. Ewing’s petition for a reduction in child support as well as his request for amendment of visitation privileges. From the above decision, this appeal was taken.
Plaintiff, Gary Ewing, requested that his child support be reduced from $250.00 month to $150.00 month because of a change in circumstances. The alleged change involved additional expenses related to the birth of a child from a second marriage. Plaintiff claims that despite a salary increase the new liabilities caused a drop in net income which necessitated a diminution in child support to his children from his first marriage. The trial court held that this change in circumstances was not significant enough to warrant a modification in the amount of child support owed.
Awards of child support are within the sound discretion of the trial court and will not be disturbed on appeal in absence of an abuse of discretion on the part of the trial court. In this case, the trial court did not abuse its discretion. The new conditions which the plaintiff described developed by his own volition and should not entitle him to a reduction in child support. The increase in liabilities related to the birth of a child of a second marriage should not affect the child support which is owed to the children of a previous marriage. The children of his first marriage should not be penalized as a result of obligations incurred during his second marriage. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959), Guinn v. Guinn, 405 So.2d 620 (La.App. 3rd Cir.1981), and Alexander v. Alexander, 417 So.2d 92 (La.App. 3rd Cir.1982).
The plaintiff also petitioned for an amendment in visitation privileges. He asked that the privileges be clarified by changing them from the first and third weekend to every other weekend. The trial court found the privileges clear, did not alter them, and to avoid possible confusion defined “weekend”. The first weekend in the month was defined to start on the first Friday of the month.
Unless there is a clear showing of an abuse of discretion in areas such as child custody and visitation privileges, judgments and awards are within the sound discretion of the trial court and will not be disturbed on appeal. The trial court studied the visitation privileges, defined potentially confusing terms and thus acted without abuse of discretion.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
AFFIRMED.