511 So.2d 30 (1987)
Sharon Cartinez RIVERS, Plaintiff-Appellee,
v.
Glen Patrick RIVERS, Defendant-Appellant.
No. 86-641.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
James Lynn Davis, Many, for defendant-appellant.
Sharon Cartinez Rivers, in pro. per.
Sarah J. Campbell, Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
This appeal is from a refusal to modify child support. The father, ordered to pay child support of $250 a month in September 1985, sought relief from that judgment in the Spring of 1986 by a rule to show cause why his support obligation should not be decreased to $100 a month, or eliminated altogether, or at least be suspended for a time. The stated grounds for the relief sought were (1) in the light of his total 1985 income, a support payment of $250 a month was manifestly excessive, and (2) his payments should be suspended for the four months he was then serving in jail. After a hearing, the trial court left the September 1985 support decree unchanged. We do likewise.
*31 Appellant's arguments sound like he is on the one hand attempting to belatedly appeal the September 1985 award, and at the same time show a change of circumstances as of the Spring of 1986. Appellant argues that when the trial court fixed child support in September 1985 based on income, the court could not have known what his total income for the year would be, and that his actual total earnings for the year proves the award was excessive. The trial court was aware in September of the father's income for a substantial part of 1985 and took that into consideration in fixing the amount of support. Appellant's argument that his proof of income for the entire year of 1985 shows a change of circumstances is without merit, because the evidence shows that appellant remained on the same job and continued to earn at exactly the same rate for the balance of the year, what he was earning in September 1985 when the original child support award was fixed. The rule is well established that a party seeking a modification of child support must show a change of circumstances. Jackson v. Jackson, 459 So.2d 188 (La.App. 3rd Cir.1984). There has been no change of circumstances. The only way this court could now consider appellant's argument attacking the September 1985 judgment would be to consider it as an appeal from that judgment, and the time allowed for appealing that judgment has long since expired.
The other prong of appellant's appeal is equally without merit. Appellant went to jail on March 5, 1986, on a second offense DWI conviction, and one week later he filed the present rule asking for relief while he served his jail sentence. Courts will not grant relief from parental support obligations to a parent whose joblessness is his own doing. Alexander v. Alexander, 417 So.2d 92 (La.App. 3rd Cir.1982).
The judgment is affirmed at appellant's costs.
AFFIRMED.