567 So.2d 811 (1990)
Michelle VIDRINE, Plaintiff-Appellant,
v.
Tony Curtis VIDRINE, Defendant-Appellee.
No. 89-401.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
*812 Fontenot & Deshotels, Blake Deshotels, Ville Platte, for plaintiff-appellant.
Charles F. Boagni III, Opelousas, for defendant-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
STOKER, Judge.

ISSUE
This is an appeal from a judgment suspending defendant-husband's obligation to pay child support in the sum of $300 per month until the defendant-husband is able to resume his payments.

FACTS
Defendant-husband, Mr. Vidrine, and plaintiff-wife, Mrs. Vidrine, were married on December 11, 1982. One child was born of the marriage. The parties were granted a divorce on November 19, 1985. At that time the trial court ordered Mr. Vidrine to pay to Mrs. Vidrine alimony in the amount of $200 per month and child support in the amount of $450 per month. The alimony award to Mrs. Vidrine is not at issue in this appeal.
On June 27, 1986, the trial court reduced Mr. Vidrine's child support obligation to $300 per month. On December 23, 1988, Mr. Vidrine filed a "Motion for Termination or Decrease in Child Support." The pertinent allegations of that motion follow:
"II.
"Mover alleges that because of his change in financial circumstances that he is no longer able to pay the above sum of money. In fact, he is unemployed at the present time having just been discharged from jail and an alcoholic and drug abuse treatment center. Said client has limited mental ability to maintain a job and because of his illness and psychological makeup, employment is going to be very difficult to find.
"III.
"At the present time the only funds available to him come from members of his family and they are maintaining him. Mover has no funds to pay for advance court costs and/or as additional costs may accrue and prays that he may file these proceedings in forma pauperis."
A hearing on the motion was held on January 27, 1989. Mrs. Vidrine established through her testimony and sworn affidavit of expenses that she is impecunious. Mr. Vidrine established that, at the time of the rule, he had just been discharged from jail, that he had been treated while in jail for "alcohol and drugs," and that he received *813 $16 per month in oil royalites and approximately $15 per day for cleaning a barn once a week.
The trial court held in favor of Mr. Vidrine suspending his child support payments of $300 per month. In the trial court's oral reasons for judgment, announced from the bench at the conclusion of the hearing, he directed Mr. Vidrine to notify his probation officer of his employment status. The trial court also ordered Mr. Vidrine to notify Mrs. Vidrine at such time as he became employed. The trial judge signed a formal judgment in conformity with his oral reasons on February 6, 1989. This appeal by plaintiff-wife followed. Mrs. Vidrine contends that the trial court erred when it indefinitely suspended Mr. Vidrine's child support obligation. We agree.

LAW
LSA-C.C. art. 227 provides that parents have a mutual obligation of support, maintenance and education of their children. An initial award of child support shall not be reduced or increased unless the party seeking a reduction or increase shows a change in circumstances between the time of the previous award and the time of the motion to modify the award. LSA-R.S. 9:311. LSA-R.S. 9:311 was added by Acts 1985, No. 41, § 1. However, LSA-R.S. 9:311 codified prior statutory and jurisprudential law in this area.
It is well settled that a parent's primary obligation is to support his children. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959); McManus v. McManus, 528 So.2d 1105 (La.App. 3d Cir.), writ denied, 533 So.2d 23 (La.1988). Further, it is also well established that a parent's practical inability to pay a child support obligation as a result of a change in circumstances does not allow that parent to avoid his share of the obligation when that inability to pay arises from his own neglect or failure. Even when a parent is in financial straits, he is obligated to support the legitimate needs of his children during their minority. Laiche, supra; McManus, supra.
The Supreme Court addressed the issue at the heart of this matter in the widely-cited case of Laiche v. Laiche, supra. There, the husband requested a reduction of his alimony obligation on the ground that the obligations incurred by reasons of his remarriage greatly exceeded his income. The trial court ruled in favor of the husband. On appeal, the Supreme Court construed Article 232 of the Civil Code which provides that the reduction of alimony may be granted when one "is replaced in such a situation that the one can no longer give...." LSA-C.C. art. 232. The court held that Article 232 connotes an involuntary condition. The pertinent portion of the decision is quoted below:
"This simply means that, if the person who is required to provide alimony becomes unable to do so, by reason of fortuitous events or other circumstances beyond his control, such as the loss of his position or illness, relief will be granted as it would be highly unjust to exact from the obligor a strict compliance with his duty under those conditions. But it would be contrary to the letter and spirit of the law to conclude that one required to pay alimony should be relieved therefrom, either wholly or partially, when he has brought about his own unstable financial condition by voluntarily incurring subsequent obligations, secondary to the alimony obligation, which render him unable to meet that obligation.... Indeed, any voluntary act by a parent which renders it difficult or impossible to perform the primary obligation of support and maintenance of his children cannot be countenanced as a ground for release, either wholly or partially, from the obligation." (Emphasis added)
Likewise, in McManus the father filed a rule for termination of child support due to severe financial problems which greatly reduced his income source. The trial court held in favor of the father and allowed child support payments of $250 per month to be suspended until his trucking business sufficiently improved to allow him to resume those payments. On appeal, this court reversed the trial court and reinstated the father's child support obligation. In *814 McManus at 1107 we cited Chaudoir v. Chaudoir, 446 So.2d 951 (La.App. 3d Cir. 1984), for the following proposition:
"Although a parent may be unemployed, he is not relieved of his duty to support and maintain his children. He is only excused from this obligation, if it appears that he is not only unemployed, but unemployable. Chaudoir v. Chaudoir, 446 So.2d 951, 953 (La.App. 3d Cir. 1984)." (Emphasis added) Also see Sykes v. Sykes, 308 So.2d 816 (4th Cir. 1975).
In Rutherford v. Rutherford, 452 So.2d 432 (La.App. 3d Cir.1984), this court stated that it is the obligor's burden of proof to show he is absolutely unemployable in order to escape the primary obligation of providing minimal financial assistance to his children.
Therefore, we must consider whether (1) there was a change in circumstances of Mr. Vidrine between the time of the award of $300 per month in child support and the time of the motion for suspension; and (2) if so, whether the inability to pay arises from the obligor's own voluntary actions, whether in whole or in part. In the instant case, Vidrine did not establish a change in circumstances. He established that at the time of hearing he had an income of approximately $75 per month. The record does not reflect, however, the income enjoyed by Vidrine before the alleged change in circumstances. Further, there is no showing by Mr. Vidrine that he is unemployable. He testified that he is not employed regularly and that he had sought employment without success. He attributed his plight to a lack of education and to his recent discharge from jail. However, he did not establish with whom he sought employment, nor did he even establish his general occupation before his recent imprisonment. One of the pleadings in the record briefly mentions oil production, but we cannot affirm the trial court's finding that Mr. Vidrine is unable to support his child when he did not put on evidence of his employment record, did not put on evidence of a diligent search for new employment, and did not put on evidence of an application for unemployment benefits.
We conclude that Mr. Vidrine's testimony did not prove that he has exhausted every possible means in order to find steady work. Sykes, supra. It is apparent that some voluntary acts on his part rendered it difficult or temporarily impossible to perform the primary obligation of support.
Of significance to this court is the established fact that Mr. Vidrine transferred approximately 60 acres of immovable property to his grandmother within the last year before the rule in payment of a debt to her. Therefore, in deliberate disregard of his primary obligation to support his child, Mr. Vidrine satisfied another obligation with available assets. The law is clear that Mr. Vidrine cannot be allowed to employ the obligations to a third person as a basis for relief from the primary obligation to his child. Laiche, supra; Alexander v. Alexander, 417 So.2d 92 (La.App. 3d Cir.1982).
Finally, we address Mr. Vidrine's assertion that he is unable to meet his primary support obligation because he was in jail and was treated for drug and alcohol abuse. As stated previously, this court will not grant relief to an obligor whose joblessness is the result, either in whole or in part, of his own doing. Alexander, supra; Rivers v. Rivers, 511 So.2d 30 (La.App. 3d Cir.1987). If Mr. Vidrine was in jail as a result of alcohol or drug abuse, or both, which is not at all clear from the record, such imprisonment or alcohol or drug abuse may not be used as an excuse to escape the financial consequences of defendant's own voluntary actions. We applaud Mr. Vidrine's efforts, whether voluntary or not, to seek treatment for his problems. However, we do not feel we would aid Mr. Vidrine' efforts toward true rehabilitation by helping him to deny his primary responsibility to support his minor child.

CONCLUSION
Defendant did not prove a change of circumstances as defined by established *815 statutory and jurisprudential law which would relieve him of his primary obligation to support his child. We thus hold that the trial court's suspension of Tony Curtis Vidrine's child support obligation was error and we reverse that holding. We reinstate the obligation of Tony Curtis Vidrine to pay child support in the amount of $300 per month until the minor child reaches the age of majority or until changed by proper court order. We also order that Tony Curtis Vidrine pay the $300 per month child support payments that were suspended from the date of the trial court's judgment to the present. Costs of this appeal are taxed to defendant-appellee, Tony Curtis Vidrine.
REVERSED AND RENDERED.