582 So.2d 374 (1991)
Cynthia Schaubhut, wife of Armin A. SALAZAR
v.
Armin A. SALAZAR.
No. 90-CA-1460.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 1991.
Richard S. McBride, Jr., New Orleans, for defendant-appellant.
Before BARRY, BYRNES and BECKER, JJ.
BYRNES, Judge.
Armin A. Salazar appeals a judgment refusing to discontinue his child support payments. We affirm.
Armin Salazar and Cynthia Schaubhut were married on October 14, 1977. Following a judgment of separation, on April 17, 1989, the trial court ordered Mr. Salazar to pay child support of $50 per week for his child, Gabriela Kay Salazar. On October 30, 1989, the trial court granted a judgment of divorce, maintaining child support, and granting custody of the child to Mrs. Salazar. On January 5, 1990, Armin Salazar was sentenced to serve six years at hard labor with the Department of Corrections upon conviction for attempted murder. Subsequently, Mr. Salazar sought relief by a rule to show cause why his support obligation should not be eliminated while appellant is incarcerated; however, on March 13, 1990, the trial court denied the rule to discontinue child support payments.
Mr. Salazar appeals in forma pauperis, contending that because he is incarcerated and has no income, it is impossible for him to make any payments of child support. He argues that he does not have it within his power to do anything about the circumstances in which he finds himself with regard to his ability to pay child support.
*375 It is well settled that a parent's primary obligation is to support his children. LSA-C.C. Art. 227; Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). If a person becomes unable to provide child support by reason of circumstances beyond his control, relief will be granted. LSA.C.C. Art. 232; LSA-R.S. 9:304.1; Laiche, id. In determining child support awards, the court must consider the totality of the circumstances. Petrich v. Petrich, 430 So.2d 829 (La.App. 5th Cir.1983). However, a parent will not be relieved of his primary obligation to support his children because of his financial condition brought upon himself. Duhe v. Duhe, 466 So.2d 595 (La.App. 5th Cir.1985). Imprisonment may not be used as an excuse to escape financial consequences of the father's own voluntary actions. Vidrine v. Vidrine, 567 So.2d 811 (La.App. 3rd Cir.1990); Rivers v. Rivers, 511 So.2d 30 (La.App. 3rd Cir.1987); Alexander v. Alexander, 417 So.2d 92 (La. App. 3rd Cir.1982).
For the foregoing reasons, the judgment of the trial court to maintain child support payments is affirmed.
AFFIRMED.