587 So.2d 176 (1991)
STATE of Louisiana
v.
Isaac NELSON, III.
No. 91-C-1153.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1991.
Harry F. Connick, Dist. Atty., Elizabeth P. Duffy, Paulette M. Holahan, Asst. Dist. Attys., Eric Mountin, Law Clerk, New Orleans, for the State.
Luttie Wheat, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BARRY, WILLIAMS and PLOTKIN, JJ.
PLOTKIN, Judge.
The sole issue in this case is whether a criminal conviction and incarceration is a legal ground to annull child support payments. This circuit has previously held, as did our brethren in the Third Circuit, that a party is not relieved of the obligation to pay child support when the inability to pay *177 results from imprisonment. Salazar v. Salazar, 582 So.2d 374 (La.App. 4th Cir.1991).
Defendant Issac Nelson III was charged with criminal neglect of family, a violation of LSA-R.S. 14:74. Prior to trial, the defendant and the State stipulated to an order of support for the defendant's two children, pursuant to LSA-R.S. 14:75.2,[1] which required the defendant to pay $10 per month support, beginning August 5, 1989. The defendant failed to comply with this support order.
On October 9, 1990, the court ordered the defendant's support obligation increased to $20 biweekly plus an additional $5 biweekly toward the arrearage. Defendant failed to comply with this order also. The State filed a Rule to Show Cause why the defendant should not be held in contempt of court. The defendant failed to appear for the hearing and the court issued a capias for his arrest.
Defendant was arrested on the juvenile court capias September 13, 1990. He was charged with three counts of battery on a police officer incident to the arrest on the capias and unauthorized entry of an inhabited dwelling. Defendant pled guilty to these charges and was sentenced to two years at hard labor, suspended, with two years active probation.
The juvenile court, on defendant's request, annulled the support payments which had accrued from September 14, 1990, the date defendant was incarcerated, until his release.[2] The State seeks a supervisory writ on this issue.
This court has previously determined that civil, rather than criminal, law controls in cases such as this where the defendant failed to comply with a consent judgment entered between the defendant and the State pursuant to the provisions of LSA-R.S. 14:75.2. State v. Smith, 492 So.2d 1272 (La.App. 4th Cir.1986).
La.C.C. art. 227 places on parents a primary "obligation of supporting, maintaining, and educating their children." That obligation may be reduced only "[w]hen the person who gives or receives alimony is replaced [placed] in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part...." La.C.C. art. 232. Additionally, under LSA-R.S. 9:311, "[a]n award for support shall not be reduced or increased unless the party seeking a reduction or increase shows a change in circumstances... between the time of the previous award and the time of the motion for modification."
The defendant in the instant case claims that he has been placed in a situation by virtue of his incarceration that he can no longer pay his child support. He also asserts that the incarceration is a "change in circumstances" entitling him to a reduction under LSA-R.S. 9:311.
The Louisiana Supreme Court has interpreted the above support provisions in Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959), a case in which a father sought a reduction of his child support obligations on the basis of increased obligations resulting from his remarriage. In overturning the trial court decision, which allowed the reduction, the court stated as follows:
[T]he provisions of Article 232 of the Civil Code ... simply mean[ ] that, if the person who is required to provide alimony becomes unable to do so, by reason of fortuitous events or other circumstances beyond his control, such as the loss of his position or illness, relief will be granted as it would be highly unjust to exact from the obligor a strict compliance with his duty under those conditions. But it would be contrary to the letter and spirit of the law to conclude that one required to pay alimony should be relieved therefrom, either wholly or partially, when he has brought about his *178 own unstable financial condition by voluntarily incurring subsequent obligations, secondary to the alimony obligation, which render him unable to meet that obligation.

Id. 111 So.2d at 122. (Emphasis added.)
In Alexander v. Alexander, 417 So.2d 92 (La.App. 3d Cir.1982), the Third Circuit Court of Appeal relied on the above cited language from Laiche to hold that a defendant's child support obligations continue during a period of incarceration. In that case, the court acknowledged the defendant's "practical inability to pay any award," but pointed to record evidence that that circumstance was caused by the defendant's "voluntary use of assets, acquired shortly before a hearing in this matter, for the payment of a secondary obligation" (payment of legal fees to his attorney). Id. at 94-95. The court found that the child support obligation could not be relieved "[u]nder such circumstances." Id.
The Alexander holding was expanded by the third circuit in Rivers v. Rivers, 511 So.2d 30 (La.App. 3d Cir.1987), which held that "[c]ourts will not grant relief from parental support obligations to a parent whose joblessness is his own doing." Id. at 31. On that principle, the court refused to suspend the defendant's child support obligation for the four months he was incarcerated on a second DWI conviction. Most recently, the Third Circuit refused to relieve a father of a support obligation where his inability to pay resulted from imprisonment and subsequent treatment for alcohol/drug abuse, citing the fact that the defendant's inability to pay was caused by his own volutary actions. Vidrine v. Vidrine, 567 So.2d 811 (La.App. 3d Cir.1990).
In Salazar, 582 So.2d 374, this court refused to grant a father's request that his child support obligations be suspended while he was incarcerated on an attempted murder charge. The court noted that "[i]mprisonment may not be used as an excuse to excape financial consequences of the father's own voluntary actions." Id. at 375.
A parent's obligation to support his children is a primary, continuous obligation, which is not excusable except for fortuitous events. When a person commits a voluntary act, that act cannot be used to justify the extinction of a protected right like child support. As a general rule, the obligation continues when the defendant has brought about his own financial condition, regardless of a temporary situation making it impossible for the defendant to pay for a given length of time. Additionally, the fact that a person is jailed does not necessarily mean that he is unable to meet his support obligations; each case depends on the financial circumstances. Even when a defendant is actually unable to pay for the period of his incarceration, his support obligation can be satisfied after his release from prison.
This rule is especially applicable under the circumstances of the instant case, where the defendant's incarceration is directly related to his failure to meet his support obligations. The hostility which frequently develops in domestic support cases could conceivably create an incentive from the obligor parent to go to jail rather than pay child support if his support obligations were subject to extinguishment during the period of his incarceration and the defendant knew that he could avoid the obligation by going to jail. The rule articulated in this case eliminates that motivation because the defendant has nothing to gain from going to jail. Thus, the rule minimizes the likelihood of noncompliance with a child support order in hopes of avoiding the obligation altogether.
For the above and foregoing reasons, the trial court judgment relieving the defendant of his child support obligations for the period he was incarcerated is reversed.
The trial court judgment also improperly modified accumulated support payments retroactively. This court has determined that the trial court has no discretion to reduce accumulated alimony. O'Shea v. O'Shea, 499 So.2d 1236 (La.App. 4th Cir.1986). For that reason, the portion of the judgment modifying the support payments retroactively is also reversed.
*179 BARRY, J., agrees with the result based on Salazar v. Salazar, 582 So.2d 374 (La. App. 4th Cir.1991).
NOTES
[1] LSA-R.S. 14:75.2 provides as follows:

In cases in which the responsible parent or other person owing a duty of support and the district attorney stipulate to an order of support, the court shall have the power to issue an order of support under the provisions of R.S. 14:75 without the necessity of instituting criminal proceedings under the provisions of R.S. 14:74.
[2] The exact dates of incarceration are not in the record.