708 So.2d 849 (1998)
Mary C. (Peggy) TOUPS
v.
Larry Paul TOUPS.
No. 97 CA 0620.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*850 Norval J. Rhodes, Houma, for Plaintiff-Appellee.
David W. Arceneaux, Houma, for Defendant-Appellant.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
Larry Paul Toups appeals a judgment refusing to discontinue his child support payments due to his impending incarceration by the federal government. For the following reasons, we affirm.
Mary C. Toups and Larry Paul Toups were married on January 19, 1974. Of the marriage three children were born. On January 21, 1992, Mrs. Toups filed a petition for divorce. By consent judgment rendered on April 15, 1992, joint custody of the children was awarded to the parties and Mr. Toups was ordered to pay child support in the sum of $500.00 per month. Mr. Toups was also ordered to pay the children's tuition and medical expenses and "to continue to pay the community debts that he [had] been paying." That same day the court also rendered a judgment in favor of Mrs. Toups granting her a divorce.
Subsequently, on April 5, 1994, the court heard a rule for contempt that was filed by Mrs. Toups and a rule for a decrease in child support that was filed by Mr. Toups. After hearing the matter, the trial judge ordered Mr. Toups, in pertinent part, to pay child support in the sum of $1,157.00, to maintain the children's medical and hospitalization insurance, and to pay 80% of the children's private school tuition.
On September 9, 1994, Mr. Toups filed a rule seeking a reduction of his child support obligation. On September 24, 1994, Mrs. Toups filed a rule to show cause why Mr. Toups should not be ordered to continue to pay the child support as ordered. These rules were heard on September 30, 1994 and October 4, 1994.
At trial, Mr. Toups testified that he entered a plea of guilty to twenty-three counts of mail fraud approximately one week earlier in federal court, was sentenced to serve two years, and was to begin serving the sentence approximately eight weeks after the hearing. He sought the elimination of his child support obligation due to his unemployment. After considering the matter, the trial court rendered judgment, ordering Mr. Toups to pay child support in the sum of $825.00 per month. Therein, the court relieved Mr. Toups of the obligations to maintain medical insurance and pay tuition for the children.
Mr. Toups appeals that judgment, contending that his incarceration makes it impossible for him to make any payments of child support. He argues that he does not have it within his power to do anything about the circumstances in which he finds himself with regard to his ability to pay child support.
LSA-C.C. art. 227 places on parents a primary "obligation of supporting, maintaining, and educating their children." That obligation may be reduced only "[w]hen the person who gives or receives alimony is [placed] in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part...." LSAC.C. art. 232. Additionally, under LSA-R.S. 9:311(A), "[a]n award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances ... between the time of the previous award and the time of the motion for modification of the award."
A parent's obligation to support his children is a primary, continuous obligation, which is not excusable except for fortuitous events. State v. Nelson, 587 So.2d 176 (La. App. 4 Cir.1991). A parent will not be relieved of his primary obligation to support his children because of a financial condition he has brought upon himself. Ledet v. Ledet, 416 So.2d 1309 (La.App. 1 Cir.1982). When a person commits a voluntary act, that act cannot be used to justify the extinction of a protected right like child support, regardless of the temporary nature of the situation. Actions resulting in imprisonment are voluntary acts and may not be used as an excuse to escape the financial obligation to support one's children. Salazar v. Salazar, 582 So.2d 374 (La.App. 4 Cir.1991); Vidrine *851 v. Vidrine, 567 So.2d 811 (La.App. 3 Cir. 1990); Rivers v. Rivers, 511 So.2d 30 (La. App. 3 Cir.1987).
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellant, Larry Paul Toups.
AFFIRMED.