781 So.2d 744 (2001)
Debblyn D. ANDERSON, Plaintiff-Appellant,
v.
Staci R. BROWN, Defendant-Appellee.
No. 34,474-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2001.
*745 Debblyn D. Anderson, Pro Se.
Kammer & Huckabay by Pugh T. Huckabay, III, Shreveport, LA, Counsel for Appellee.
Before WILLIAMS, PEATROSS & KOSTELKA, JJ.
PEATROSS, J.
Plaintiff, Debblyn D. Anderson, who is serving a 15-year prison sentence for aggravated burglary, without benefit of probation, parole or suspension of sentence, appeals those portions of the judgment of the trial court which grant Defendant, Staci Brown, a divorce; which deny any visitation privileges to Mr. Anderson regarding the child of the marriage, sole custody of which was granted to Ms. Brown; and which award child support of $156 per month to Ms. Brown. For the reasons stated herein, we affirm.

FACTS AND PROCEDURAL HISTORY
Mr. Anderson and Ms. Brown were married in September 1996 and physically separated in December 1996. One child was born of this marriage on May 10, 1997. Ms. Brown apparently left the matrimonial domicile due to Mr. Anderson's violent behavior.
In December 1996, while Ms. Brown was attempting to remove the remainder of her belongings from the former matrimonial domicile, an argument ensued and Mr. Anderson hit her and threw her to the ground causing her injuries. Both Ms. Brown's parents were present at the time this occurred. In an attempt to escape, Ms. Brown left with her father in his vehicle only to be chased by Mr. Anderson. Mr. Anderson rammed Ms. Brown's father's vehicle at least three times and pointed a shotgun at them. Ms. Brown and her father were able to elude Mr. Anderson due to road construction delays. On returning to his home, Mr. Anderson came upon Ms. Brown's mother, who had also been delayed by road construction, at an intersection in Bossier City. Mr. Anderson approached Ms. Brown's mother's vehicle and smashed the windshield with the butt of the shotgun he had previously used to threaten Ms. Brown and her father. Mr. Anderson then hit Ms. Brown's mother in the head with his fist, causing injuries which required stitches. Mr. Anderson was arrested and sentenced to six months in jail as a result of his actions.
In October 1997, Mr. Anderson came to Ms. Brown's parents' home, where Ms. Brown was living at the time, and forced her, at gun point, to leave the home with him. When a neighbor tried to assist Ms. Brown, Mr. Anderson fired shots at the neighbor, apparently causing him to have a heart attack. Mr. Anderson was later arrested for kidnaping. He thereafter served two months in jail and was released in December 1997 on a two-year probation.
Within five hours of his release from jail in December 1997, Mr. Anderson went to Ms. Brown's home, jumped through the window, threatened to kill her and hit her in the face several times causing injuries for which she went to the hospital. Mr. Anderson was subsequently convicted of aggravated burglary. He then pled guilty to an habitual offender bill and was sentenced to serve 15 years without benefit of parole, probation or suspension of sentence.
On February 16, 2000, Mr. Anderson filed a pro-se petition for divorce pursuant to La. C.C. art. 103. Mr. Anderson prayed that a divorce be granted and that the parties be granted joint custody of the child. On April 4, 2000, Ms. Brown filed an answer and reconventional demand also *746 seeking a divorce pursuant to La. C.C. art. 103, sole custody of the child, child support, the right to the annual income tax deduction regarding the child and a restraining order against Mr. Anderson.
On April 10, 2000, Mr. Anderson was properly served with Ms. Brown's answer and reconventional demand and notice of the corresponding rule to show cause set for May 8, 2000. In her reconventional demand, Ms. Brown set forth the above facts as well as accusations that Mr. Anderson was physically abusive to their minor child.
Mr. Anderson did not appear on May 8, 2000, but did file an answer to Ms. Brown's reconventional demand on May 11, 2000. In his answer, Mr. Anderson denied the above accusations; agreed that a divorce should be granted; disagreed with Ms. Brown being granted sole custody of the child; and agreed she should be awarded child support once he is released from prison, but not before. Most important is Mr. Anderson's statement that it would not be necessary for him to appear before the court to show cause why Ms. Brown should not be granted a divorce and sole custody of their child. It is Ms. Brown's position that Mr. Anderson's statements in his answer show that he had no intention of appearing at the May 8, 2000 hearing, nor did he object to the grant of a divorce or custody. Further, the record indicates he was timely served for the hearing and made no effort to secure his appearance there.
On May 17, 2000, the trial court rendered written judgment on the May 8, 2000 hearing, awarding Ms. Brown sole custody of the child and denying any visitation privileges to Mr. Anderson; awarding child support of $156 per month to Ms. Brown; awarding the annual tax deduction for the child to Ms. Brown; and ordering Mr. Anderson not to harass Ms. Brown. It is Ms. Brown's position that the court acted properly given the fact that Mr. Anderson has been incarcerated the majority of their child's life, whom he has rarely seen, and has shown a propensity to be violent toward her and their child. Further, pursuant to La. R.S. 9:315.9, Mr. Anderson is voluntarily unemployed as he is incarcerated due to his own actions and, therefore, is properly obligated to pay child support.
Also, on May 17, 2000, Ms. Brown filed a Motion to Set Trial Date regarding the remaining issue of divorce. The trial court set the hearing for June 15, 2000; and, on May 19, 2000, Mr. Anderson was sent a copy of the order. In his pre-trial brief, Mr. Anderson stated a divorce should be granted, but advised that he had appealed the other issues which were heard on May 8, 2000. On June 15, 2000, the trial court rendered a judgment granting the parties a divorce and terminating the community of acquets and gains. On June 29, 2000, Mr. Anderson filed a Motion for Notice of Appeal. It is Ms. Brown's position that, although Mr. Anderson states he is appealing the June 15, 2000 judgment, since he stated he did not object to the granting of the divorce, it is actually the May 17, 2000 judgment of which he is complaining. We agree.

DISCUSSION
Mr. Anderson assigns the following as errors:
1) Whether the trial court erred in granting the judgment of divorce of June 15, 2000, in favor of Staci Brown, when Debblyn D. Anderson was not present at the hearing to defend himself, and in denying him and his family visitation rights to the child based on false, unfounded, unproven allegations.

*747 2) Whether the trial court erred in imposing a child support obligation against Debblyn D. Anderson since he is incarcerated with an imposed sentence of 15 years.
We first address Mr. Anderson's complaint that the trial court erred in granting a judgment of divorce when he was not present at the hearing. We find that the trial court did not err for several reasons. Most significant is the fact that Mr. Anderson is the party who initiated the divorce proceedings and was the first of the two parties to ask the court for a divorce when he filed his petition for divorce on February 16, 2000. Further, in his answer to Ms. Brown's reconventional demand, Mr. Anderson agreed that a divorce should be granted and waived his appearance stating it would not be necessary for him to appear before the court. Furthermore, the face of the pleadings shows that the parties have complied with La. C.C. art. 103: they have lived separate and apart for at least 180 days without reconciliation and Mr. Anderson has been convicted of a felony and sentenced to hard labor. We find, therefore, that the trial court did not err in granting the judgment of divorce.
We next address Mr. Anderson's complaint that the trial court erred in denying him and his family visitation of the child, particularly when he was not present at the hearing. Again, we note that Mr. Anderson waived his appearance in his answer to Ms. Brown's reconventional demand. In fact, he specifically stated it was not necessary for him to be present to show cause why sole custody should not be granted to Ms. Brown. He did not request visitation, although he disagreed with Ms. Brown's allegations. Moreover, the record indicates that Mr. Anderson has a propensity for violence toward other people, including Ms. Brown and their child. We, therefore, agree with the trial court that Mr. Anderson is not entitled to visitation with the child as it would not be in her best interest. In child visitation cases, great weight is to be given the trial court's determination which will only be overturned when there is clear abuse of discretion; the sole criterion for determining a noncustodial parent's visitation privileges is the child's best interests, as determined on a case-by-case basis. Davis v. Davis, 494 So.2d 1315 (La.App. 2d Cir.1986).
We find it is unnecessary to address Mr. Anderson's complaint that his family members were not granted visitation since none have requested visitation.
Finally, we address Mr. Anderson's complaint that he is incapable of paying the support obligation awarded to Ms. Brown because he is incarcerated and has no means to pay such an obligation. The support obligation imposed on the father and the mother of minor children by La. C.C. art. 227 is firmly entrenched in our law and is a matter of public policy. Neither equity (La.C.C. art. 21) nor practical inability to pay (La.C.C. art. 232) overrides this policy or allows a parent to avoid paying his or her share of the obligation where the inability arises solely from that parent's own neglect and failure. Moore v. Moore, 380 So.2d 180 (La.App. 2d Cir.1980). Actions resulting in imprisonment are voluntary acts and may not be used as an excuse to escape the financial obligation to support one's children. Toups v. Toups, 97-0620 (La. App. 1 Cir.4/8/98), 708 So.2d 849; Vidrine v. Vidrine, 567 So.2d 811 (La.App. 3d Cir. 1990); Rivers v. Rivers, 511 So.2d 30 (La. App. 3d Cir.1987); Salazar v. Salazar, 582 So.2d 374 (La.App. 4th Cir.1991). We find, therefore, that the trial court did not err in awarding Ms. Brown child support *748 of $156 per month, to be paid by Mr. Anderson.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting a divorce as between Plaintiff, Debblyn D. Anderson, and Defendant, Staci Brown; granting sole custody of their child to Staci Brown and denying any visitation privileges to Mr. Anderson; awarding child support of $156 per month to Ms. Brown; awarding the annual tax deduction for the child to Ms. Brown; and ordering Mr. Anderson not to harass Ms. Brown; is hereby affirmed. All costs are assessed to Plaintiff, Debblyn D. Anderson.
AFFIRMED.