NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-242

STATE OF LOUISIANA, DEPARTMENT OF SOCIAL SERVICES

VERSUS

TRAVIS SCOTT YOUNG

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 10,749
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy Howard Ezell, Judges.

AFFIRMED.

Robert George Levy
LaCroix, Levy & Barnett
P. O. Box 1105
Alexandria, LA 71309-1105
(318) 443-7615
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana, Department of Social Services

**Travis Scott Young**
**In Proper Person**
**1367 Hwy 457**
**Lecompte, LA 71346**
**(318) 787-7824**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Travis Scott Young**

**EZELL, Judge.**

Travis Young appeals the decision of the trial court below reducing his child support obligation. For the following reasons, we affirm the decision of the trial court.

This case originated as an application for enforcement of child support made by Diana McGowan in November 2006 against Mr. Young. At issue was a support order requiring Mr. Young to pay $448.35 per month in child support. After being laid off in June 2009, Mr. Young filed a rule for modification on July 1, 2009. While that filing was pending, Mr. Young went back to work in November 2009. In April 2010, a consent judgment was entered stipulating that child support would stay at the then current rate of $448.35. Mr. Young continued to work until August 2010, when he was laid off again. That September, Mr. Young again filed a motion to modify his child support obligation which was eliminated by exceptions filed by Mrs. McGowan concerning jurisdictional issues. In February of 2011, Mr. Young filed the current motion to reduce his obligation, claiming to still be out of work. In November of 2011, the hearing officer reduced his obligation to $235.63 per month plus a five percent administrative fee for a total obligation of $247.41 per month. This amount included Mr. Young's portion of daycare expenses for child care during summer months and holidays. Mr. Young appealed the hearing officer's ruling to the trial court, who affirmed that decision. From that ruling, Mr. Young appeals.

Mr. Young asserts four assignments of error on appeal. He claims that the trial court erred in failing to grant him a continuance due to his incarceration at the time of trial, that the trial court erred in including day care expenses without written proof of expenses, that the trial court erred in imputing minimum wage due to him while incarcerated, and that the trial court erred in failing to make the reduction retroactive to his July 2009 motion.

Mr. Young first claims that the trial court erred in not granting him a continuance. We disagree. Louisiana Code of Civil Procedure Article 1601 provides that "[a] continuance may be granted in any case if there is good ground therefor." The standard of review of the denial of a motion for continuance is an abuse of discretion standard. *Jackson v. Royal Ins. Co.,* 97-723 (La.App. 3 Cir. 12/17/97), 704 So.2d 424. Mr. Young did not raise any issue before the trial court that was not raised previously before the hearing officer and presented his arguments, though previously made, well. We find no abuse of discretion in the trial court's denial of Mr. Young's motion for continuance.

Mr. Young next claims that the trial court erred in awarding day care expenses in the absence of evidence of amounts needed. Again, we disagree. "The trial court has great discretion in determining a child support award, and its findings of fact regarding financial matters underlying an award of child support will not be disturbed in the absence of manifest error or a clear abuse of discretion." *Bazile v. Washington,* 05-1583, p. 2 (La.App. 3 Cir. 6/14/06), 934 So.2d 214, 215 (citing *McCorvey v. McCorvey,* 05-889 (La.App. 3 Cir. 2/1/06), 922 So.2d 694, *writ denied,* 06-435 (La.4/28/06), 927 So.2d 295; *Murphy v. Murphy,* 04-1332 (La.App. 3 Cir. 2/2/05), 894 So.2d 542, *writ denied,* 05-983 (La.11/28/05), 916 So.2d 144). Mrs. McGowan testified that she incurred expenses in the amount of $85.00 per week caring for her child during the summer months. Both the hearing officer and the trial court found this to be credible testimony and a reasonable amount. Nothing in the record before this court indicates these findings to be in error.

Mr. Young next claims the trial court erred in imputing him with minimum wage while he was incarcerated. It is well settled that incarceration does not relieve one of an existing child support obligation.

> A parent's obligation to support his children is a primary, continuous obligation, which is not excusable except for fortuitous events. When a person commits a voluntary act, that act cannot be used to justify the extinction of a protected right like child support. As a general rule, the obligation continues when the defendant has brought about his own financial condition, regardless of a temporary situation making it impossible for the defendant to pay for a given length of time. Additionally, the fact that a person is jailed does not necessarily mean that he is unable to meet his support obligations; each case depends on the financial circumstances. Even when a defendant is actually unable to pay for the period of his incarceration, his support obligation can be satisfied after his release from prison.

*State v. Nelson*, 587 So.2d 176, 178 (La. App. 4 Cir. 1991). Moreover, Mr. Young is no longer incarcerated. This assignment of error is completely devoid of merit.

Finally, Mr. Young asserts that the trial court erred in failing to make the reduction retroactive to his July 2009 filing. We disagree. The consent judgment Mr. Young entered into in April 2010, continuing the child support obligation at the prior amount, eliminated that claim for reduction. If anything, the reduction should be retroactive only to the February 2011 filing. However, both the trial court and the hearing officer gave Mr. Young credit for the four months he was unemployed between August and November of 2009, making the reduction retroactive to October 2010, four months prior to the current motion for reduction. Mr. Young fails to see that the trial court did him a favor in that regard. Despite this, we find no error in the trial court's ruling.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Mr. Young.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.

3