CUTRER, Judge.
This appeal emanates from a trial court judgment ordering an increase of the child support payments by the father and, in addition, requiring him to pay all past, present and future medical expenses of the child. The father appeals and we affirm.
David Earl Durand and Sharon Durand were married on December 11, 1978, which union resulted in the birth of one child, David Devener Durand. In June 1980, David Devener was involved in a serious accident that left him severely brain damaged. In April 1982, the Durands were judicially separated. The judgment awarded custody of David Devener to defendant and plaintiff was ordered to pay $200.00 per month child support. Since that time, the financial burden of caring for David has become even greater. Plaintiff has carried David on his health insurance policy, but has not otherwise helped with David’s medical expenses.
On May 20, 1983, plaintiff filed suit for divorce. Defendant filed an answer, recon-ventional demand and a rule seeking an increase in child support and payment of all medically related expenses for the child.
The trial court rendered judgment increasing the child support payments from $200.00 to $375.00 per month and ordered plaintiff to pay all past, present and future medical expenses of the child.
Plaintiff’s appeal presents two issues:
(1) Whether the trial court abused its discretion in allowing defendant an increase in child support; and
(2) Whether the trial court was in error in assessing the full responsibility of all the medical expenses to plaintiff.
INCREASE IN CHILD SUPPORT
Civil Codfe art. 227 imposes on parents a mutual obligation of support, maintenance and education of their children. The degree of support is determined by the needs of the child, as well as the circumstances of those who are obligated to pay it. Richardson v. Richardson, 428 So.2d 1326 (La.App. 3rd Cir.1983); Goodrich v. Goodrich, 421 So.2d 962 (La.App. 3rd Cir.1982), writ den., 427 So.2d 1209 (La.1983); Duplantis v. Monteaux, 412 So.2d 215 (La.App. 3rd Cir.1982). In analyzing the needs of the child, the courts must consider his unique medical problems.
*99 Cf. Guinn v. Guinn, 405 So.2d 620 (La.App. 3rd Cir. 1981).
A trial court is possessed of considerable discretion in deciding whether to modify child support awards. Such awards will not be reversed except for an abuse of this discretion by the trial court. Dupuy v. Dupuy, 421 So.2d 458 (La.App. 3rd Cir. 1982); Baer v. Simon, 334 So.2d 796 (La.App. 3rd Cir.1976).
Plaintiff has been employed as an installer/repairman for South Central Bell for a period of ten years. His gross salary at the time of the hearing in September 1983, was $1,887.50 (net $1,350.40) per month. However, his salary does not actually reflect his áctual earnings because he earns a considerable amount of money in overtime pay. His 1982 income tax return shows that his actual earnings, which include his overtime pay, were $34,341.00 (net $27,-057.53).
Plaintiff lists his living expenses as $2,338.55 per month, allotting $200.00 of this as expenses for his son’s upkeep.
Defendant is employed by the Tioga Medical Clinic earning a gross pay of $600.00 (net $500.00) per month. Her salary combined with her child support payment gives her approximately $700.00 a month.
Defendant lists expenses of $1,743.33 per month. She lists $468.33 as expenses for maintenance of her son.
Under LSA-C.C. art. 227, both parents owe a general obligation to support their children. The trial judge found that defendant had met this obligation. He stated, in part:
“She has tried very hard to meet this obligation. She has been able to take only a part-time job, because she must spend so much time at home caring for David. The home care given to David is to be considered part of her contribution to David’s support. See Cowen [v. Cowen] supra [375 So.2d 118 (La.App. 3rd Cir.1979)]. In addition, David’s mother has a little over $700.00 at her disposal every month. Much of this money is used to meet David’s needs, however, it is still far from enough. This Court finds that Mrs. Durand gives ample support to David, both financially and otherwise .... ”
On the other hand, plaintiff is only giving $200.00 monthly child support as ordered by the 1982 separation decree. He does not contribute in any other way to the support of the child. The trial court stated in part:
“Mr. Durand has a good job. He nets $1350.40 a month. It is true that, on the day this rule was heard, Mr. Durand was on strike and therefore was not receiving any income. However, courts are to consider not only a parent’s actual income, but his income potential. Guinn v. Guinn, supra. This Court believes Mr. Durand’s income potential is at least $1350.40 per month. Mr. Durand is therefore capable of paying additional monthly child support. It is therefore ordered that Mr. Durand’s monthly child support payments be increased to $375.00 per month.”
The record fully supports the trial court in its ruling raising the child support.
MEDICAL EXPENSES
The second issue presented in the appeal concerns the imposition of present and future medical expenses upon plaintiff. The support obligation of LSA-C.C. art. 227 includes the obligation to pay medical bills. Gaspard v. Breaux, 413 So.2d 288 (La.App. 3rd Cir.1982). Thus, in determining how much of the medical expenses each parent owes, the court must look to the needs of the child as well as the circumstances of those who are obligated to pay it. Goodrich, supra; Duplantis, supra. The trial court stated in part:
“[M]rs. Durand is providing all the support she possibly can. This will be true even with the increase in monthly child support just granted. Mr. Durand, on the other hand, is in a position to provide more. Therefore, it is ordered that Mr. Durand pay all the medical and hospital *100 expenses incurred on behalf of his minor son, David Devener Durand.”
After a review of the record, we conclude that plaintiff’s income is sufficient to support the trial court’s findings that he should be liable for his son’s medical expenses as well as the increase in child support. We find no abuse of discretion by the trial court. Dupuy, supra; Baer, supra.
For these reasons, the judgment of the trial court is affirmed. Plaintiff-appellant, David Durand, is to pay the costs of this appeal.
AFFIRMED.