539 So.2d 819 (1989)
Henry A. McCALL, Jr., et al., Plaintiffs-Appellants,
v.
F.H. HENRY, Trustee, Defendant-Appellee.
No. 87-1188.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
*820 Michael Garber, Cameron, for plaintiffs-appellants.
Jones, Jones & Alexander, Jerry G. Jones, Cameron, for defendant-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
STOKER, Judge.
This case involves a servitude of passage. At trial, the parties stipulated to the plaintiffs' right to a servitude of passage and to its location. The issues tried were the width of the servitude, the amount of compensation owed to the servient estate and the obligations of the dominant estates to the servient estate. The trial judge found that 30 feet was the minimum width necessary for the servitude and that the servient estate was entitled to $2,460 compensation. The trial court also appended the following condition to the judgment:
"... which servitude shall have the following conditions, to-wit:
"If defendant constructs a fence along the west line of the servitude, plaintiffs shall furnish and install a suitable gate to be located along defendant's North/South fence line and plaintiff shall install a lock on the gate and keep the same locked at all times, except during passage."
The plaintiffs-appellants appeal from the trial court's judgment insofar as it imposes this condition. They contend that a locked gate constitutes an unreasonable impediment to their use of the servitude. However, it is unnecessary for us to reach the merits of this issue. A judgment must be certain and not based on any contingency. Key v. Key, 519 So.2d 319 (La.App. 2d Cir.1988); Pepe v. Tournage, 128 So.2d 56 (La.App. 1st Cir.1961). Since the part of the judgment recited above is based on the happening of a subsequent condition, the building of the fence, it is uncertain. Therefore, the part of the judgment requiring that defendants furnish and install a gate with locks in the event that defendant builds a fence is reversed and vacated. In all other respects the trial court's judgment is affirmed. Costs of appeal are assessed to defendant-appellee.
REVERSED IN PART; AFFIRMED IN PART.