594 So.2d 939 (1992)
Maria Vega COOPER, Plaintiff-Appellant,
v.
Gene Lee COOPER, Defendant-Appellee.
No. 90-823.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
*940 Dupuis & Harson, Michael Harson, and Perrin, Landry, deLaunay & Durand, Donald D. Landry, Lafayette, for plaintiff-appellant.
Helen S. Johnson, Lafayette, for defendant-appellee.
Gene L. Cooper, in pro. per.
Before DOUCET, YELVERTON and KNOLL, JJ.
*941 KNOLL, Judge.
This appeal arises from a child support judgment for medical expenses.

FACTS
Plaintiff, Maria Vega Cooper, and defendant, Gene Lee Cooper, were granted a judgment of divorce on February 8, 1985. The court ordered Gene to pay monthly child support in the amount of $1,000 and maintain medical and dental insurance on their three children and pay all medical and dental expenses not covered by the insurance. In a rule nisi proceeding on August 12, 1986, both parties stipulated in the judgment that Gene would claim the three children as dependents for federal income tax purposes and Maria would properly execute the appropriate federal income tax forms. Following Maria's failure to complete the federal income tax dependency forms for 1988, Gene filed a rule nisi requesting that Maria be held in contempt for noncompliance with the earlier judgment and further requested a modification of the original judgment so that Maria would share a portion of the non-covered medical expenses. Maria countered with a rule nisi requesting an income assignment order for the child support payments. Both Gene and Maria filed several other rules on other issues which are not the subject of this appeal.
At the hearing on September 13, 1989, both parties settled all claims, but the issues concerning Maria's failure to comply with the earlier judgment and whether Maria should bear a portion of the non-covered medical expenses.
On the issue of medical expenses, Gene alleges that Maria should bear a portion of the medical expenses for the children not covered by his insurer because of her pattern of abuse by obtaining thousands of dollars of nonessential medical care for the children. Gene alludes to $2,682.59 medical expenses in 1988, of which Gene paid $1,522.80, and in 1989, $39,686.75 medical expenses, of which Gene paid approximately $1,900. According to Gene, on many occasions Maria ran up medical bills by taking their daughter to a physician for ear piercing, taking their son to the emergency room for a case of poison ivy and by admitting two of their children to a Lafayette psychiatric hospital for unspecified psychological reasons without first consulting him and not following the insurer's preadmission policy of notification prior to hospitalization.
Maria explained that she took their son to the emergency room because it was late at night and he was in a lot of pain. She also explained that she took their daughter to a local physician for ear piercing because of ear infections in past attempts at ear piercing. Maria also testified that she admitted their daughter to the psychiatric hospital after consulting a psychiatrist and admitted their son to the psychiatric hospital apparently because of an altercation at school. Maria denies that she failed to follow the insurer's preadmission policy of obtaining its authorization prior to hospitalization and testified that both hospitalizations were done at a physician's suggestion.
The trial court found Maria in contempt of court for not completing the necessary federal income tax forms, ordered her to pay $500 attorney fees and court costs, and also ordered Maria to pay: 1) all non-covered medical expenses for the previous psychiatric treatment of the two children; 2) all non-covered medical and dental expenses for the two children because of her failure to comply with the insurer's preadmission policy; and, 3) one-half of all other non-covered medical and dental expenses.
On January 25, 1990, in a subsequent rule nisi, the trial court ordered: 1) Gene to pay one-half of the children's non-covered medical expenses incurred after October 1, 1989; and, 2) Maria to also pay one-half of the children's non-covered medical expenses incurred after October 1, 1989, and pay all non-covered medical expenses for the children incurred after October 1, 1989, if she neglected or failed to comply with the insurer's preadmission policy.
On March 1, 1990, on a motion for new trial filed by Maria, after learning that Gene's insurer covered all but approximately $1,900 of the $39,686.75 medical and *942 psychiatric expenses, the trial court amended its earlier judgments and decreed that Gene pay all non-covered medical and psychiatric costs obtained prior to September 13, 1989.
The court maintained its earlier judgment ordering Gene and Maria to each bear one-half of the non-covered medical and dental expenses for the children obtained after October 1, 1989, and Maria to pay all medical and dental expenses obtained after October 1, 1989, that are not covered by insurance due to her neglect or failure to comply with the insurer's preadmission procedure.
Maria appeals contending the trial court erred in: 1) finding her in contempt for failing to execute the necessary federal income tax dependency forms; 2) imposing one-half of the cost of the medical and dental expense not covered by insurance; 3) not allowing cross-examination of Gene regarding his finances; and, 4) not allowing the children to testify about their respective conditions and the necessity for the medical treatment.

CONTEMPT JUDGMENT
Maria contends the trial court erred in finding her in contempt for failing to comply with the earlier court judgment and execute the necessary federal income tax dependency paperwork.
The jurisprudence is clear that a judgment of contempt is not an appealable judgment and the proper remedy is to seek supervisory writs to this Court. Gordy v. Langner, 502 So.2d 583, 589 (La.App. 3rd Cir.1987), writ denied, 503 So.2d 494 (La. 1987); Slaughter v. Slaughter, 499 So.2d 1123, 1124 (La.App. 3rd Cir.1986).
Therefore, we will not address this assignment of error.

MEDICAL EXPENSES
Maria contends the trial court erred in imposing one-half of the cost of medical and dental expenses not covered by insurance. Maria avers that Gene offered no proof that the medical expenses were unnecessary and she does not have the means to pay the one-half share of medical and dental expenses. Gene contends that the apportionment of the medical expenses was proper given her pattern of repeatedly accruing unnecessary medical costs.
LSA-C.C. Art. 227 provides that the parents, by the act of marriage, contract together the obligation of supporting, maintaining and educating their children. A person's paternal or maternal status seals their obligation to nourish and rear their children. Hogan v. Hogan, 549 So.2d 267, 271 (La.1989); 1M. Planiol, Civil Law Treatise, pt. 2 Section 1681. The obligation to support their children is conjoint upon the parents and each must contribute in proportion to his or her resources. The child is the veritable creditor of each parent's unilateral obligation for his upbringing with the special expenses it entails. Hogan, supra; Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
The support obligation of LSA-C.C. Art. 227 includes the obligation to pay medical expenses. Durand v. Durand, 460 So.2d 97, 99 (La.App. 3rd Cir.1984). In determining the amount of medical expenses each parent owes, the court must look to the needs of the child as well as the circumstances of those who are obligated to pay it. Id.
The trial court is vested with considerable discretion in fixing the amounts that parents should contribute for the support of their children, and its judgment in these matters will not be disturbed absent a clear abuse of discretion. Smith v. Smith, 422 So.2d 701, 702 (La.App. 3rd Cir.1982).
In the case sub judice, we find the trial court did not abuse its discretion in allocating one-half of the costs of future medical care for the children to Maria. The record evidence shows the medical and psychiatric expenses incurred during 1989 totaled $39,686.75, of which Gene paid approximately $1,900. This sum consisted of $21,551.55 in psychiatric and medical expenses for their oldest daughter, $18,020.00 for their son and $115.20 for their youngest child. Gene, who was never consulted or even notified by Maria prior to his two children's admittance to the psychiatric hospital, testified at the hearing that he still had not learned why the two children *943 were hospitalized. Maria testified that she admitted the two children at the recommendation of a psychiatrist but failed to offer expert testimony. Under these circumstances, we do not find that the learned trial court was manifestly wrong in concluding that the medical expenses were incurred unnecessarily and attempted to prevent future abuse by requiring Maria to pay one-half of future medical costs.
In cases such as the present one, where the former spouses are on less than amicable terms and the medical expenses for the children are questionably excessive, we think the trial court is well within its wide discretion to prevent the accrual of needless medical costs by requiring the custodial parent to pay one-half of all future medical expenses. The custodial parent has the authority to determine what medical care is necessary for the children, but this authority is tempered by responsibility and accountability for the accrual of unnecessary medical expenses.[1]

TESTIMONY
Maria contends the trial court erred in not allowing the children to testify about their alleged need for medical treatment. She avers that since Gene raised the issue of whether the hospitalization was necessary, the two children should have been allowed to testify either in court or in chambers about the circumstances of their hospitalizations. We disagree.
L.C.E. Art. 701 provides:
"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
(1) Rationally based on the perception of the witness; and
(2) Helpful to a clear understanding of his testimony or the determination of a fact in issue."
Opinion testimony of a lay witness is generally excluded. Perkins v. United American Ins. Co., 505 So.2d 206, 210 (La. App. 3rd Cir.1987).
The trial court has broad discretion in deciding whether to allow the testimony of a child. Simmons v. Simmons, 554 So.2d 238, 243 (La.App. 3rd Cir.1989); Albarado v. Toler, 495 So.2d 355, 359 (La. App. 3rd Cir.1986).
In the case sub judice, we find the trial court properly refused Maria's request of having the two children testify. First, the two children, ages 12 and 13 at the time of the hearing, did not have the requisite medical expertise to testify about the necessity of their medical treatments or psychiatric hospitalizations. Secondly, and more importantly, we agree with the learned trial judge's observation that forcing the children to testify in such a combative atmosphere would place them in the unacceptable position of ultimately testifying in favor of one parent and against the other. Considering the nature of the testimony Maria sought to elicit and the pugnacity of the former spouses, we conclude that the learned trial court's refusal was proper.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, Maria Vega Cooper.
AFFIRMED.
NOTES
[1] We also conclude that the trial court did not err in preventing Maria from questioning Gene about his income. As the learned trial judge properly noted, "[t]he question of ability or non-ability is not an issue in this case. The question as I understand it is whether or not the medicals were necessary."