610 So.2d 183 (1992)
Bryan MILLER, Plaintiff-Appellee,
v.
Bonnie Foret MILLER, Defendant-Appellant.
No. 91-514.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
Blak Deshotels, Ville Platte, for plaintiff/appellee.
Young, Hoychick & Aguillard, M. Terrance Hoychick, Eunice, for defendant/appellant.
Before STOKER and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
*184 KNOLL, Judge.
This appeal concerns a deviation from the child support guidelines by the trial court.
At the hearing held on March 22, 1991, the trial court: 1) increased monthly support from $150 per month to $225 per month; 2) maintained provisions requiring Bryan Miller (Bryan) to provide hospitalization for the child, Bronson, and to pay one-half of all noncovered medical and dental expenses; 3) ordered Bryan to pay past due medical expenses and found him free from contempt for his failure to pay; and, 4) found Bonnie Foret Miller (Bonnie) in contempt for refusing weekly visitation but suspended the 10 day jail sentence.
Bonnie asserts that the trial court's monthly child support award of $225 was inadequate and not in accordance with the child support guidelines. She also appeals the contempt judgment against her.
After a careful study, we find that the trial court erred in deviating from the guidelines without an evidentiary basis, and amend the trial court's judgment to reflect the proper amount of Bryan's monthly child support obligation. Further, we find that the judgment of contempt is not an appealable judgment and is not properly before us.

FACTS
Following the parties' legal separation in May of 1987, Bryan paid $150 per month to Bonnie for support of their child. In November of 1987, the trial court suspended Bryan's child support obligation after his income from workers' compensation was terminated. When the parties obtained their divorce on November 21, 1988, the divorce decree maintained the suspension of child support payments. No other attempts to modify the original support order were made until July 23, 1990, when Bonnie filed a rule for an increase in child support, contempt of court, and attorney fees. On February 22, 1991, Bryan filed a rule for contempt against Bonnie. A contradictory hearing was held on these issues, and from this judgment Bonnie brings this appeal.

CONTEMPT JUDGMENT NOT APPEALABLE
Bonnie contends that the trial court erred in finding her in contempt of court for refusing to allow Bryan weekly visitation. Our courts have repeatedly held that a judgment of contempt is not an appealable judgment; instead, the proper remedy is to seek supervisory writs. Cooper v. Cooper, 594 So.2d 939, 942 (La.App. 3rd Cir.1992) and cases cited therein. Accordingly, we find that Bonnie's contempt judgment is not properly before us. Thus, the sole issue for our review is the propriety of the amount of child support.

DEVIATION FROM CHILD SUPPORT GUIDELINES
Bonnie contends that the trial court deviated from the child support guidelines without articulating any reasons for the downward deviation.
The child support guidelines promulgated in LSA-R.S. 9:315 et seq. apply to the present case. LSA-R.S. 9:315.1 creates a rebuttable presumption that the amount calculated under the guidelines is the proper amount of a child support award. LSA-R.S. 9:315.1(B) allows the trial court to deviate from the guidelines if their application would not be in the best interest of the child or would be inequitable to the parties. A downward deviation requires a showing that application of the guidelines would be inequitable to the parties as such a downward deviation would obviously not be in the best interest of the child. Montgomery v. Waller, 571 So.2d 765, 768 (La.App. 2nd Cir.1990). Section (C) recognizes the court's discretion to consider various obligations in deviating from the guidelines. Specifically, subsection (2) provides that the court may consider "[t]he legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household." If the court deviates from the guidelines, it must, in accordance with section (B), give oral or written reasons for the deviation on the record.
*185 The act requires the parties to provide the court with documentation evidencing their respective adjusted gross incomes. The court utilizes the schedule in LSA-R.S. 9:315.14 to determine the basic child support obligation based on the combined adjusted gross incomes of the parties and the number of children. LSA-R.S. 9:315.2. The total child support obligation is determined by adding together the basic child support obligation amount, the net child care costs, the cost of health insurance premiums, extraordinary medical expenses, and other extraordinary expenses. LSA-R.S. 9:315.8. The court is required to use a worksheet such as the one shown in LSA-R.S. 9:315.8 to determine the parties' respective child support obligations.
In the case sub judice, the parties stipulated that there had been a change in the circumstances sufficient to have the trial court consider Bonnie's rule. The parties also stipulated to the amounts reported as gross income by both parties, and that both had remarried and had one child in these new marriages.
Bryan is a self-employed welder. His 1990 federal income tax return was offered into evidence. Although it was incomplete, the trial court stated that it would consider the partial income tax return as being representative of his wages. The return indicated a gross income of $39,417. From this amount expenses of $20,247 were deducted to reach a net pre-tax profit of $19,170. The trial court did not include in Bryan's income the amount of his depreciation expense, $3,680. We find this was clear error. As Bonnie correctly points out in her brief, LSA-R.S. 9:315(4)(c) excludes from "`[o]rdinary and necessary expenses' ... amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support." This language clearly intends the exclusion of $3,680 in the "depreciation and section 179 expense deduction" from the total expenses.
Therefore, Bryan's income should be as follows:

 $39,417 (gross as per tax return)
 - $16,567 (expenses not including depreciation
 expenses)
 _________
 $22,850 (net pre-tax income)
 + 1,680 (unreported income)
 + 3,732 (interest income)
 _________
 $28,262 (total income for 1990)

This amount divided over twelve months equals a monthly income of $2,355 per month. After adding Bonnie's monthly income of $2,004 to this, the combined income equals $4,359 per month. Bryan's income is fifty-four percent of the total. Fifty-four percent of $624.08, the amount reflected on the schedule in LSA-R.S. 9:315.14, is $337. Thus, according to the schedule, Bryan's basic child support obligation equals $337.
The trial court concluded that Bryan's child support obligation was $225 per month. This is clearly a deviation from the guidelines. Therefore, we must determine whether the trial court had an evidentiary basis for the deviation.
In deviating from the child support guidelines, the trial court stated:
"BY THE COURT:
Yes, the only thing that troubles me about that schedule gentlemen is that it probably originated [sic] in California ... where ... people work picking lettuce or grapes ... make fifteen or twenty dollars an hour, ... that's what bothers me.
* * * * * *
Now, on the difficult part ... concerning as to whether or not the Court is going to apply the guidelines. I allude to Section B of the statute, the statute being LSA-R.S. 9:315.1 where it says the Court may deviate from the guidelines set forth in LSA-R.S. 9:315.1 if their application would not be in the best interest of the child or inequitable to the parties. As the Court construes that it does give the Court some discretion regardless of what some people may term the draconian provision of LSA-R.S. 9:315.1, some people, it depends where you coming from, some people will say it's draconian, some people *186 are gonna say it's good. Further, at 6C the statute provides that any other consideration that would make applications of the guideline not in the best interest of the child or the children or what would be inequitable to the parties... may be alluded to by the Court. This is what this Court finds gentlemen ... these people over here have obviously have had there [sic] difficulties ... I don't know if they are hostile to each other but I suspect at one time they were hostile towards each other, it seems as though their marriage simply didn't work, and a child was born from the marriage who has now reached the age of seven and a half years of age and who has to be supported by both of the parties. There is no question about that, both [Bonnie] and [Bryan] owe this child support. The court also finds that ... both parties have started new lives they have remarried, and both parties have... produced each a child, I don't know if the children are close in age, the new children, but I suspect they are or not, there is not a great difference in their ages, now both of these young people have incurred new family obligations.
* * * * * *
This Court, ... believes that it would be totally inequitable, not only to the defendant [Bryan] here but, to the plaintiff in rule [Bonnie], to make them meet these guidelines as this would reduce their monthly income, taking into consideration that they each have a new child they have to take care of. It would be inequitable to them, it would make it, in this Court's judgment, not totally impossible, but it would really cut into their lifestyle.
* * * * * *
I don't believe that Mr. Miller could ... conduct the lifestyle that he's conducting right now if he were made to pay that much. I think it would it would interfere into, not only his eating, clothing, and sheltering habits for himself but also for those of his eating, clothing, and sheltering habits for himself but also for those of his new wife and his new child. I think if Mrs. Foret would have to come up with the $246.00, whatever it is herself it would interfere with the eating, clothing and sheltering of herself, her new husband and her child. I think this would also deprive both of the parties, of their own personal, medical, dental, transportation [and] ... other expenses... necessities of life. The Court does not believe that the legislature imposed these guidelines ... here to break a man or a woman's spirit ... so therefore the Court is going to exercise the discretion that is given to it in Section B and in Section 6C of the statute, and is going to order Mr. Miller to pay the amount of $225.00 per month for the child ..."
Deviation from the guidelines requires stating the evidentiary basis showing that their application would be inequitable to the parties. The trial court apparently found that the inequities to the parties would be that an increase in the support obligation would cut into their lifestyles, and interfere with their own personal, medical, dental, transportation, and other expenses and necessities of life. Also, the trial court considered the fact that each party had an additional child in their new marriages.
We recognize that LSA-R.S. 9:315.1(C)(2) contemplates the trial court considering the expenses of dependents who are not the subject of the litigation and who are in the household. However, for the deviation based on such a consideration to be upheld, the deviation must have an evidentiary basis. In the case sub judice, no evidence exists as to the expenses generated by an extra child. The record is void of evidence to suggest that adherence to the basic support schedule would be inequitable to either Bryan or Bonnie. Both parties have sufficient incomes to meet their respective child support obligations and have failed to offer any specific testimony regarding how adherence to the basic child support schedule would be inequitable. Thus, we hold *187 that the trial court clearly erred in its deviation from the guidelines.
We also glean from the record that the trial court failed to complete a total child support obligation worksheet. Accordingly, we complete and attach as an appendix to this opinion a completed worksheet, which indicates that Bryan's monthly child support obligation is fifty-four per cent of $624.08 or, as calculated, $337. We note the trial court did not make a finding of good cause for not making the child support retroactive to the date of filing Bonnie's rule for increase in child support. It is mandatory that an award for alimony or child support be retroactive to the date of filing the rule unless the court finds good cause for not making the award retroactive. LSA-R.S. 9:310; Broussard v. Broussard, 532 So.2d 281 (La.App.3rd Cir. 1988); Hogan v. Hogan, 549 So.2d 267, 273 (La.1989). Accordingly, the child support of $337 is retroactive to the date of filing Bonnie's rule to increase child support, July 23, 1990.
For the foregoing reasons, the judgment of the trial court is amended to reflect the proper amount of child support and, as amended, affirmed. In all other respects the judgment is affirmed. The judgment is recast as to the amendment only, as follows:
IT IS ORDERED, ADJUDGED AND DECREED that Bryan Miller pay unto Bonnie Foret Miller child support for Bronson in the amount of $337 per month, in two equal installments, on the first and fifteenth of each month, retroactive to July 23, 1990.
Costs of this appeal are assessed equally to Bryan Miller and Bonnie Foret Miller.
AFFIRMED AS AMENDED AND RENDERED.

WORKSHEETCHILD SUPPORT OBLIGATION
 and
 Bonnie Foret Miller Bryan Miller
 Petitioner Respondent
 Children Date of Birth Children Date of Birth
 Petitioner Respondent Combined
1. MONTHLY GROSS INCOME $ 2,004 $ 2,355 /////////
 a. Minus preexisting child support payment - None - None /////////
 b. Minus preexisting spousal support payment - None - None /////////
2. MONTHLY ADJUSTED GROSS INCOME $ 2,004 $ 2,355 $ 4,359
3. PERCENTAGE SHARE OF INCOME /////////
 (Line 2. Each party's
 income divided by Combined Income.) 46% 54% /////////
4. BASIC CHILD SUPPORT OBLIGATION ///////////////////////// $ 624.08
 (Apply line 2 Combined to Child Support ///////////////////////// --------
 Schedule.)

*188
 a. Net Child Care Costs (Cost minus Federal
 Tax Credit.) ////////////////////// + None[1]
 b. Child's Health Insurance Premium
 Cost ////////////////////// + None[1]
 c. Extraordinary Medical Expenses
 (Uninsured Only) //////////////////////
 (Agreed to by parties or by order of
 the court) ////////////////////// + None
 d. Extraordinary Expenses (Agreed to by
 parties or by //////////////////////
 order of court.) ////////////////////// + None
 e. Optional. Minus extraordinary adjustments //////////////////////
 (Child's income if applicable.) ////////////////////// - None
 5. TOTAL CHILD SUPPORT OBLIGATION //////////////////////
 (Add lines 4, 4a, 4b, 4c, and 4d; Subtract
 line 4e.) ////////////////////// $624.08
 6. EACH PARTY'S CHILD SUPPORT OBLIGATION $287.08 $337.00 ////////
 (Multiply line 3 times line 5 for each parent.) ///////
 7. RECOMMENDED CHILD SUPPORT ORDER $ $337.00 ////////
 (Bring down amount from line 6 for the ////////
 non-custodial
 or non-domiciliary party only. Leave custodial ////////
 or domiciliary
 party column blank.) ////////

NOTES
[*] Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] No evidence was received by the trial court on these amounts.