628 So.2d 1274 (1993)
Wanda Allred CREFASI, Plaintiff-Appellee,
v.
Nicholas Shelby CREFASI, Defendant-Appellant.
No. 92-1100.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
*1275 Brent Stafford Gore, Ferriday, for Wanda Allred Crefasi.
Anthony Louis Glorioso, Metairie, for Nicholas Shelby Crefasi.
Before DOMENGEAUX, C.J., and STOKER and THIBODEAUX, JJ.
STOKER, Judge.
Nicholas Shelby Crefasi appeals a judgment rendered by the Honorable Leo Boothe, District Judge, which, among other things, set his child support obligation at $450 per month, ordered him to provide hospitalization insurance on all of the minor children, ordered him to pay $500 in attorney fees and all past and present court costs in this matter, and held defendant in contempt of court. We reverse in part, affirm in part, and remand.

BACKGROUND
By judgment rendered on February 29, 1988, by Judge Boothe's predecessor in office, Nicholas Shelby Crefasi and Wanda Allred Crefasi were divorced; the parties were awarded joint custody of the three minor children of the marriage with Wanda Crefasi designated as the primary custodian.
By judgment rendered March 14, 1988, pursuant to the divorce, Judge Boothe's predecessor set child support at 25% of Nicholas's monthly income and required him to keep Wanda apprised of his financial status and give her a quarterly accounting of all income received by him from any source. The trial court did not intend for this to be a determinate amount. Rather, it appears that the trial court intended that if Nicholas received income, he was required to pay Wanda 25% of whatever he received, as his child support obligation. The record contains the following letter from the trial judge (Judge Boothe's predecessor) to plaintiff's counsel in this regard:
"I have received your memoranda [sic] in the form of a letter dated February 29th in the captioned matter.
"I have examined the cases cited in your letter, and I do not believe that any of them require, as a matter of law, that on the record of this case, the Court fix child support in a determinate amount, particularly one which the record indicates could not be paid.
"I recognize the percentage of income is not a favored method of paying child support, and that specific amounts are preferred. However, on facts such as are present in this case, it appears to be the only alternative to an award of no support.
"I intend to enforce whatever Orders that are issued by this Court, and if I have the slightest evidence of deception or malingering on the part of Mr. Crefasi, would not hesitate to take appropriate measures. On the other hand, I could not issue a Judgment ordering a specific amount of support one month on a record which shows inability to pay it and then when he predictably fails to pay the next month be faced with the prospect of jailing him for contempt.
"Accordingly, your request that a specific sum be designated as support in this case is denied as of this time."
On February 23, 1988, Nicholas testified before the court that he was unemployed and had not received income in 1988. (The judgment *1276 was rendered in March of 1988). Nicholas also testified that he had not received income in 1987. The record does not reveal that Nicholas was ill, disabled, or in some other condition which rendered him involuntarily unemployable. Indeed, at that time, Nicholas testified that he had worked for or with his sister (without salary) for about a month and a half, had applied for a government school/work program, and had a job prospect. However, it appears to us that the trial court set the award at 25% of Nicholas's monthly income due to his lack of employment.
By judgment rendered January 9, 1989, the court ordered, among other things, that Nicholas and Wanda each pay one-half of any and all medical and dental expenses not covered by hospitalization insurance on all the minor children. Nicholas was not ordered to provide hospitalization insurance on the children; Wanda obtained this through her employer.
All proceedings outlined above were conducted before Judge Boothe's predecessor, and the judgments and orders referred to were issued by him.
On June 14, 1991, Wanda Crefasi (hereinafter plaintiff) filed the rule that is presently before us on appeal by Nicholas Crefasi (hereinafter defendant). In her rule, plaintiff alleged, among other things, that "[t]he percentage of defendant's income is not a basis for child support and is not working.... Plaintiff desires that defendant be ordered to pay a set amount each month for the support and maintenance of his children. Plaintiff desires that the defendant be ordered to pay child support as per L.R.S. 9:315."
The plaintiff's rule was heard and acted on by Judge Boothe as the judge of the trial court. He set child support at $450 per month and ordered defendant to provide hospitalization insurance on all of the minor children. Additionally, among other things, the court ordered defendant to pay $500 in attorney fees and all past and present court costs in this matter and held defendant in contempt of court. Defendant appeals. We note that the judgment refers to oral reasons, but they were apparently not recorded or transcribed as we have found none in the record.

DISCUSSION

Child Support
Defendant basically contends that it was improper for the trial court to amend the previous judgment in that plaintiff failed to prove a substantial change in circumstances. Defendant submits that even if the modification is allowed by this court, the trial court improperly determined the amount of the award.
It is true that the party seeking to increase or decrease the amount of child support or alimony bears the burden of proving a change of circumstances since the rendition of the prior judgment fixing the amount of support. LSA-R.S. 9:311A; Preis v. Preis, 610 So.2d 163 (La.App. 3d Cir.1992), writ denied, 612 So.2d 103 (La.1993). In addition, the courts of appeal in Louisiana have continued to demand the showing of a substantial change in circumstances as a prerequisite for modifying child support judgments. Crowder v. Crowder, 595 So.2d 810 (La.App. 2d Cir.), writ denied, 598 So.2d 358 (La.1992); Peltier v. Peltier, 617 So.2d 201 (La.App. 3d Cir.1993).
We agree with defendant that, on the record before us, the plaintiff has failed to prove a substantial change in circumstances necessary to trigger application of the Child Support Guidelines (LSA-R.S. 9:315 et seq.). However, the initial child support award of 25% of defendant's monthly income is not of such a nature that we are bound in the present circumstances to the change in circumstances rule and for the following reasons.
First, the judgment is indefinite and uncertain. A judgment must be certain and not based on any contingency. McCall v. Henry, 539 So.2d 819 (La.App. 3d Cir.1989); Key v. Key, 519 So.2d 319 (La.App. 2d Cir.1988); *1277 Pepe v. Tournage, 128 So.2d 56 (La.App. 1st Cir.1961). In Russo v. Fidelity & Deposit Co., 129 La. 554, 56 So. 506, 508 (La.1911) the court quoted:
"Again, a judgment must be definitive. It must purport to be the actual and absolute sentence of the law, as distinguished from the finding that one of the parties is entitled to a judgment. * * * Where an interlocutory judgment is rendered by default, upon a claim for unliquidated damages, its amount may be left for ascertainment by proper proceedings. But, we may say, in general, that if a judgment purports to be final, and is given upon a money demand, the amount of the recovery must be stated in it with certainty and precision. If the amount remains to be determined by a future contingency, or ascertained by referees, or diminished by the allowance of an unliquidated credit, or is otherwise indefinite and uncertain, it is no proper judgment. Black on Judgments, pars. 114, 118."
Additionally, the judgment is unjust. It is well settled that a parent's primary obligation is to support his children and that it is the obligor's burden of proof to show he is absolutely unemployable in order to escape the primary obligation of providing minimal financial assistance to his children. Vidrine v. Vidrine, 567 So.2d 811 (La.App. 3d Cir. 1990). The March, 1988 judgment allows defendant to escape this primary obligation as long as he is not employed or receiving income. Whether the children receive support and in what amount is dependent on defendant's good faith effort in seeking and maintaining employment and on his truthful and accurate accounting of all income received. Plaintiff is faced with difficult proof problems in attempting to enforce the judgment or to collect arrearages. Compliance with the judgment is difficult for the trial court to monitor and this court to review. Appellate courts will not hesitate to grant relief when a trial court exercises its discretion in such manner that an injustice is done or substantial rights are lost due to a technicality or ruling of the trial court. LSA-C.C.P. art. 2164; Guillory v. Guillory, 602 So.2d 769 (La.App. 3d Cir.1992).
For these reasons, we find that the March 1988 judgment setting child support at 25% of defendant's monthly income may be ignored insofar as application of the change in circumstances rule is concerned. Accordingly, the judgment on the rule before us setting support at $450 per month may be properly viewed as the initial award establishing support. Since these proceedings to "establish" support were filed after October 1, 1989, application of the Child Support Guidelines (LSA-R.S. 9:315 et seq.) was proper. LSA-R.S. 9:315.1A.
We now consider whether the guidelines were properly followed. At the time the trial court determined the child support obligation, LSA-R.S. 9:315.1A and B provided:[1]
"A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
"B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give oral or written reasons for the deviation. The reasons shall be made part of the record of the proceedings."
LSA-R.S. 9:315.2 states:

*1278 "A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
"B. If a party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set forth in R.S. 9:315.9.
"C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
"D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.14 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding.
"E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part."
We have not found verified income statements showing gross income and adjusted gross income nor documentation of current and past earnings including a copy of each party's most recent federal tax return in the record. Due to the lack of documentation, the trial judge could not apply the guidelines as required. For that same reason we are unable to do so. Bercegeay v. Bercegeay, 617 So.2d 133 (La.App. 5th Cir.1993). Therefore, we vacate the award and remand for a determination of the child support, including health insurance premiums, in accordance with the guidelines.

Attorney Fees and Costs
Defendant contends that the trial court erred in ordering him to pay $500 in attorney fees to plaintiff's counsel. He argues that since there was no judgment for past-due child support payments, it was incorrect for the trial judge to order him to pay plaintiff's attorney. He also asserts that it was improper for the trial judge to condemn him to pay all costs of court, past and present.
LSA-R.S. 9:375A provides that "[w]hen the court renders judgment in an action to make executory past-due payments under a... child support award ... it shall, except for good cause shown, award attorney's fees and costs to the prevailing party."
Plaintiff failed to prove and the trial court did not award arrearages for payments owed on defendant's child support obligation of 25% of his monthly income. However, the judgment does grant and make executory payments for past-due medical bills totalling $118.74 and past-due dental bills totalling $98.50. LSA-C.C. art. 227 provides that "[f]athers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children." The support obligation of LSA-C.C. art. 227 includes the obligation to pay medical expenses. Durand v. Durand, 460 So.2d 97 (La.App. 3d Cir.1984); Cooper v. Cooper, 594 So.2d 939 (La.App. 3d Cir.1992). It appears to us that LSA-R.S. 9:375A encompasses past-due payments in the form of medical and dental payments. Thus, since the court rendered judgment making executory past-due medical and dental payments, the court should have awarded attorney fees and costs unless good cause was shown.
In the case before us, good cause was shown for defendant's failure to make these payments. By judgment rendered January 9, 1989, plaintiff and defendant were ordered to each pay one-half of any and all medical, drug, doctor, dental, hospital or any and all other medical and dental expenses not covered by hospitalization insurance on all the minor children. The judgment also provided *1279 that if one party paid the expense in full or paid his or her one-half of the bill, a copy of the total bill would be submitted to the other party who had fifteen days from receipt to reimburse the paying party one-half of the total bill or make arrangements to pay his or her one-half of the total bill.
Although plaintiff indicated that she told defendant about the medical bills, plaintiff failed to show that she submitted copies of the bills to defendant in accordance with the January 9, 1991 judgment. Plaintiff did testify that she sent defendant a copy of some medical bills in April (of 1991) but that she did not get "the green card" (return receipt) nor the letter (apparently accompanying the copy of the bills) back in the mail. (Defendant's share of the medical bills at that time was $60.33.) Defendant testified that plaintiff mentioned to him that there were some medical bills and that he told her to send him copies of what was not paid by insurance. Defendant stated that plaintiff told him she had sent "it." Defendant testified that he did not receive the April letter. Since plaintiff did not prove that she submitted copies of the bills in accordance with the judgment, it appears that defendant had good cause for not paying his one-half share of the bills. Therefore, the trial court erred in awarding attorney fees and court costs under LSA-R.S. 9:375A.
However, we agree that defendant should be taxed with 100% of the court costs in this proceeding since plaintiff prevailed on most of her claims, and we affirm the award of costs on that basis.

Contempt Judgment
Defendant contends that the trial court erred in holding him in contempt of court for his failure to pay past-due child support, for his failure to provide a quarterly accounting to the plaintiff, for his failure to pay one-half of all medical and dental expenses, and for his failure to pay court costs.
Our appellate courts have repeatedly held that a judgment of contempt is not an appealable judgment; instead, the proper remedy is to seek supervisory writs. Miller v. Miller, 610 So.2d 183, 184 (La.App. 3d Cir.1992) citing Cooper v. Cooper, 594 So.2d 939, 942 (La.App. 3d Cir.1992) and cases cited therein. Therefore, we will not address this issue since it is not properly before us.[2]

DISPOSITION
For the foregoing reasons, we reverse the award of attorney fees. We remand the case for recalculation of child support in accordance with the guidelines. We affirm the judgment in all other respects. We assess costs of this appeal to defendantNicholas Crefasi.
REVERSED IN PART; AFFIRMED IN PART; REMANDED.
NOTES
[1] LSA-R.S. 9:315.1B now provides:

"B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings."
Amended by Acts 1992, No. 123, § 1, eff. June 5, 1992.
[2] Moreover, we note that this issue may be moot since the record contains an order dated September 9, 1991, directing the Sheriff of Concordia Parish to arrest and incarcerate defendant.