| iDALEY, Judge.
Defendant, Donald Vincent Loehr, appeals the trial court’s judgment ordering him to pay one-half of extraordinary medical expenses to his ex-wife, plaintiff, Sharon Keenan Loehr. We affirm.
Plaintiff filed a Rule to Recover One-half of Extraordinary Medical Expenses she incurred in the amount of $2500.00 as a result of a bicycle accident on April 1, 1994 involving their minor child, Michelle. Following a hearing on November 2, 1995, the trial court rendered judgment, which was signed on December 11, 1995, ordering defendant to pay to plaintiff $1250.00 representing one-half of the extraordinary medical expenses incurred as a result of the injury to Michelle, in the amount of $100.00 per month until paid. Defendant appeals and designated the record on appeal in accordance with LSA CCP art. 2128.
|2On appeal, defendant argues plaintiff incorrectly moved for payment of extraordinary medical expenses and should have filed a Rule to Increase Child Support. He argues a child support award cannot be made effective prior the date of filing a petition, therefore, because these expenses were incurred prior to the date the rule was filed, the expense is not recoverable. Additionally, he contends the trial court erred in including the first $100.00 as part of the extraordinary medical expenses, contrary to LSA R.S. 9:315(8).
Plaintiff argues the trial court did not err in assessing defendant with one-half of the medical expenses because the prior child support judgment is silent on extraordinary medical expenses. She argues this was not a rule to increase defendant’s child support obligation, but simply a rule to apportion the unexpected expense. She concludes there is no manifest error in the trial court’s judgment.
The designated record herein does not include the transcript of any hearing, nor does it reflect what evidence was submitted to the court.
LSA CC art. 227 mandates that a parent is responsible for the support of his children. A parent’s support obligation includes the obligation to pay medical expenses. Cooper v. Cooper, 594 So.2d 939 (La.App. 3 Cir.1992). The trial court can deviate from child support guidelines and require a parent to pay 50% of his children’s medical expenses not covered by insurance on grounds that sharing such expenses was necessary to assure the child would receive needed medical attention. Hutto v. Kneipp, 627 So.2d 802 (La.App. 2 Cir.1993).
On the designated record before us, we see no error in the trial court’s judgment. The judgment is affirmed.
AFFIRMED.