710 So.2d 285 (1998)
Cherie Delacroix DAIGLE, Plaintiff-Appellee,
v.
Albert Wayne DAIGLE, Defendant-Appellant.
No. 97-1048.
Court of Appeal of Louisiana, Third Circuit.
February 25, 1998.
*286 Jack Derrick Miller, Crowley, for Cherie Delacroix Daigle.
Andre Doguet, Rayne, for Albert Wayne Daigle.
Before THIBODEAUX, GREMILLION and PICKETT, JJ.
THIBODEAUX, Judge.
This appeal involves a Rule to Increase Child Support filed by Cherie D. Daigle against her former spouse, Albert W. Daigle. In response to the rule, Mr. Daigle asserts that he is entitled to a credit for payments made directly to his children and for certain monies expended on an automobile note, automobile repairs, school activities, medical expenses, and credit card charges.
The trial court held that Mr. Daigle could not credit any payments which he made to or on behalf of his children between the filing of the rule to increase child support and the rendition of the judgment on the Rule to Increase Child Support. The trial court awarded Ms. Daigle $19,897.00 in increased child support, together with legal interest. The defendant, Mr. Daigle, appeals the judgment of the trial court.
Based on the following reasons, we reverse the judgment of the trial court and remand this suit to the trial court for further adjudication consistent with the reasoning set forth in this opinion.
I.
ISSUES
We shall consider:
1. whether the trial court erred by refusing to grant the defendant, a non-custodial parent, credit for past child support under La.R.S. 9:315.21;
2. whether the expenditures and monetary payments made by the defendant sufficiently constitute child support for purposes of La.R.S. 9:315.21; and,
3. whether the trial court erred in determining the amount of child support for which the defendant should have been credited under La.R.S. 9:315.21(D).

II.

FACTS
Cherie D. Daigle and Albert W. Daigle were married on July 24, 1970. Four children were born of the marriage: Amy, Emily, Meg, and Ellen. On December 11, 1987, a judgment of divorce was signed and granted in favor of Cherie and Albert Daigle. Pursuant to the judgment, Albert Daigle was ordered to pay the sum of eight hundred ($800.00) dollars per month, in globo, to Cherie Daigle for the support and maintenance of their four children.
On October 8, 1993, Cherie Daigle filed a Rule to Increase Child Support. At the time of the filing, only two of their four children, Meg and Ellen, had not attained the age of majority and remained eligible to receive child support from Mr. Daigle. Subsequent to Ms. Daigle's filing of the Rule to Increase Child Support, Meg, without the consent of Ms. Daigle, resided with Mr. Daigle from mid-October, 1993 to April, 1994.
During the pendency of the hearing on the Rule to Increase Child Support, Mr. Daigle made direct monetary payments to Meg and Ellen. These payments did not include their summer earnings which they received for performing light chores at Mr. Daigle's business. Their summer earnings were paid in the form of payroll checks. Mr. Daigle also paid for both daughters' credit card charges, automobile insurance, automobile repairs, and clothing needs.
*287 Mr. Daigle's obligation of child support to Meg terminated in June, 1994. Thereafter, he was obligated to provide child support only for Ellen. Mr. Daigle continued to make payments to Ellen directly and on Ellen's automobile note. Additionally, he maintained payments for Ellen's automobile insurance and repairs. Mr. Daigle also continued to pay for Ellen's medical expenses and credit card charges.
After several continuances since the initial filing, the hearing on the Rule to Increase Child Support was finally held on July 12, 1996. At the hearing, Mr. Daigle asserted that he was entitled to a credit for expenditures made from October, 1993 to July 12, 1996 for the benefit of his daughters, Meg and Ellen. After reviewing the evidence in light of La.R.S. 9:315.21, the trial court refused to credit Mr. Daigle for expenditures made during the pendency of the hearing on the Rule to Increase Child Support. On December 6, 1996, the trial court rendered judgment in favor of Ms. Daigle and against Mr. Daigle for the amount of $19,897.00, plus legal interest from January 1, 1995.

III.

LAW & DISCUSSION

Application of La.R.S. 9:315.21
Mr. Daigle asserts that the trial court erred by refusing to credit his past expenditures and payments against the judgment to increase child support. Pursuant to La.R.S. 9:315.21(D), Mr. Daigle argues that a non-custodial parent is entitled to a credit for any kind of child support provided from the date of judicial demand to the date the support judgment is signed. Additionally, he asserts that the payments may be made either directly to or on behalf of the children for whom support is ordered. We agree.
The threshold question which this court must address is whether the non-custodial parent is entitled to a credit for past child support payments which were made between the filing of the Rule to Increase Child Support and the subsequent judgment on the rule. Our resolution of this matter hinges upon the statutory interpretation of La.R.S. 9:315.21(D).
As a general principle, the judicial interpretation of a statutory provision presents a question of law. The standard of review on a question of law is set forth as follows:
Appellate review of a question of law is simply a decision as to whether the lower court's decision is legally correct or incorrect. Phoenix Assur. Co. v. Shell Oil Co., 611 So.2d 709 (La.App. 4 Cir.1992). If the trial court's decision was based on its erroneous application of law, rather than on a valid exercise of discretion, the trial court's decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). In fact, when an appellate court finds that a reversible error of law or manifest error of material fact was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Ducote v. City of Alexandria, 95-1269, p. 2 (La.App. 3 Cir. 7/17/96); 677 So.2d 1118, 1120.
Louisiana Revised Statute 9:315.21, governing the retroactivity of a child support judgment, provides:
A. Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand.
B. (1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.
(2) If an interim child support allowance award is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown.
C. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand.

*288 D. Child support of any kind, except that paid pursuant to an interim child support allowance award, provided by the judgment debtor from the date of judicial demand to the date the support judgment is signed, to or on behalf of the child for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence.
Ms. Daigle argues that Mr. Daigle is not entitled to a credit for past child support because he provided such support prior to the rendition of the judgment on the Rule to Increase Child Support and in the absence of an interim award of support. Ms. Daigle interprets La.R.S. 9:315.21(D) as allowing a credit for past child support only if it is paid pursuant to an interim award. We disagree and find that Ms. Daigle's interpretation of La.R.S. 9:315.21(D) is incorrect.
A plain reading of La.R.S. 9:315.21(D) reveals that a judgment debtor may provide child support of any kind from the date of judicial demand to the date the support judgment is signed. Any child support made during this period shall be credited to the judgment debtor against the amount of the judgment of support. The wording of the provision (i.e., the use of the word "shall") implies that the legislature intended for the credit to be mandatory if the requisite circumstances exist.
The statutory language regarding an interim child support award simply establishes an exception to the mandatory imposition of a credit under La.R.S. 9:315.21(D). This exception to the mandatory credit is invoked only when the judgment debtor pays child support pursuant to an interim child support allowance award. In such an instance, the judgment debtor is not entitled to a mandatory credit for child support paid pursuant to the interim award.
In this suit, Mr. Daigle made child support payments to and on behalf of his children from October, 1993 to July 12, 1996. Within this time frame, Ms. Daigle filed a rule to increase child support on October 8, 1993. After several continuances, the hearing on the rule was held on July 12, 1996. On December 6, 1996, the trial court rendered judgment in favor of Ms. Daigle. The record shows that there was no interim award of support entered during this period.
Based on our interpretation of La.R.S. 9:315.21(D), we find that the actions of Mr. Daigle fall precisely within the scope of the statutory provision. He provided child support to and on behalf of his children during the period between the date of judicial demand and the date the support judgment was rendered and signed. Therefore, any child support payments made by Mr. Daigle from October, 1993 to July 12, 1996 should be credited against the judgment of increased child support. Mr. Daigle is also entitled to a credit for payments made directly to and on behalf of Meg during the period in which she resided with him.
In the absence of an interim award, we find that the credit under La.R.S. 9:315.21(D) should have been granted by the trial court. We conclude that the trial court erred by refusing to grant Mr. Daigle a credit for past child support against the judgment of increased child support. We further believe that our application of La.R.S. 9:315.21(D) is consistent with the legislative intent of the provision.
Alternatively, Ms. Daigle contends that Mr. Daigle's claim is flawed because he made the support payments directly to the children and not to her, as the custodial parent. Ms. Daigle cites jurisprudence in which this court held that child support payments of any kind must be paid to the mother (or custodial parent). See Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3 Cir.1981); Thompson v. Courville, 372 So.2d 579 (La. App. 3 Cir.1979).
However, as distinguished from the present case, these court decisions dealt primarily with child support arrearages and not *289 child support increases. Additionally, this court decided those cases prior to the enactment of La.R.S. 9:315.21. See 1993 La. Acts 261, § 7. Thus, after the subsequent enactment of La.R.S. 9:315.21, these cases probably would have been decided differently.
As a practical matter, limiting the payment of child support to only the custodial parent could very well inhibit the non-custodial parent's obligation to provide adequate support to the children for whom support is owed or ordered. In reaching this determination, our primary considerations are the best interests of the children and the effect that our decision will likely have upon them.

The Appropriateness of the Defendant's Child Support Payments
On appeal, Ms. Daigle challenges the appropriateness and nature of the child support payments made by Mr. Daigle. Specifically, the issue is whether Mr. Daigle's expenditures and other payments sufficiently constitute child support for purposes of La. R.S. 9:315.21(D). Louisiana Revised Statute 9:315.21(D) states that a judgment debtor may provide "child support of any kind." The degree and amount of child support imposed upon a parent must be determined by needs of the child as well as the parent's ability to pay. Falterman v. Falterman, 97-192 (La.App. 3 Cir. 10/8/97); 702 So.2d 781; Green v. Green, 95-307 (La.App. 3 Cir. 10/4/95); 663 So.2d 277. Each situation must be determined on a case-by-case basis. Bertrand, 401 So.2d 552.
Louisiana Civil Code Article 227 charges the parents with the obligation of supporting, maintaining, and educating their children. In addition to providing the necessities such as food, clothing, and shelter, a parent's support obligation also includes payment for medical expenses, educational expenses, health insurance premiums, and other extraordinary expenses. La.R.S. 9:315.8; see also Buchert v. Buchert, 93-1819 (La.App. 1 Cir. 8/26/94); 642 So.2d 300; Crefasi v. Crefasi, 628 So.2d 1274 (La.App. 3 Cir.1993); Cooper v. Cooper, 594 So.2d 939 (La.App. 3 Cir.1992).
After reviewing the record, we find that Mr. Daigle's expenditures on clothing, medical expenses, and credit card charges that pertain specifically to valid support obligations, as well as the direct payments to his daughters, constitute child support under La. R.S. 9:315.21(D). Also, any expenditures made toward the children's educational needs should be credited as past child support. Further, if the automobiles were provided to the children primarily for transportation to school and/or school-related activities, the defendant should, thereby, be entitled to credit the payments on the automobile notes, insurance, and repairs against the judgment of support.

Determination of the Amount of Child Support to be Credited
Mr. Daigle contends that the trial court erred in determining the amount of child support payments which should have been credited against the judgment of increased support. In light of the above discussion, we remand this issue to the trial court and order the trial court to determine the amount of credit which Mr. Daigle should be granted in accordance with this opinion.

IV.

CONCLUSION
For the above reasons, the judgment of the trial court is reversed and set aside. This case is remanded to the trial court for further proceedings in accordance with the law and the views expressed herein. All costs of this appeal are assessed equally to both parties.
REVERSED AND REMANDED.