JjPETERS, J.
This appeal arises out of a trial court judgment granting Paul Ray Rigdon a divorce from his wife, Sandra Kaye Bushnell Rigdon, conditioned upon his completion of a counselling program described as the General Responsibilities as Separating Parents (GRASP) program. Mr. Rigdon appeals the judgment,' asserting that the trial court erred in rendering a judgment conditioned upon completion of the program.
DISCUSSION OF THE RECORD
On August 26, 1997, Paul Ray Rigdon filed a petition for divorce pursuant to La.Civ.Code art. 103(2), asserting that his wife, Sandra Kaye Bushnell Rigdon, had committed adultery during their marriage. In the' alternative, Mr. Rigdon sought a divorce pursuant to La.Civ.Code art. 102, asserting that he and his wife had lived separate and apart continuously and without reconciliation since July 31, 1997. In his petition, Mr. Rigdon also sought to be designated as the domiciliary parent of the | jfhree children born of the marriage and to be awarded the temporary use of the former matrimonial domicile.
On April 6,1998, Mr. Rigdon filed a rule to show cause pursuant to La.Civ.Code art. 102, and a hearing was held on the matter on April 20,1998. The evidence presented at the hearing consisted of an affidavit of Mr. Rigdon to the effect that he and his wife had lived separate and apart continuously in excess of 180 days. Upon receipt of the affidavit, the trial court stated that the matter was “otherwise ripe for the granting of the judgment of divorce” but that until certificates were filed in the record indicating that the parties had completed the GRASP program, the court would “have to delay the signing of the judgment in accordance with the court *715 rules.” Specifically, the court was referring to Rule XXII(9) of the Rules of the Thirty-Sixth Judicial District Court, which provides:
In all divorce cases where the custody of minor children shall be the subject of any order of the Court, the parties shall be required to attend counselling relative to the General Responsibilities of Separating Parents (GRASP) prior to the granting of the judgment of divorce. No judgment of divorce shall be granted until the record in the case contains the appropriate counselor certifications of completion. Any party, who refuses to comply with the order of Court to attend the GRASP counselling sessions, shall be subject to sanctions for contempt of Court.
Mr. Rigdon complied with this requirement and filed into the record a GRASP certificate of attendance on May 12, 1998. However, the record does not contain a certificate of completion as to Mrs. Rigdon. On June 24, 1998, the trial court signed a judgment of divorce, but the judgment stated:
This matter was heard on the 21st day of April, 1998. Present in Court were: PAUL RAY RIGDON, with his counsel of record, CHARLES A. “SAM” JONES, III; and held in abeyance until the completion of GRASP by applicant.
(Italics added.)
IsThe judgment also stated:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties are hereby awarded the joint custody of the minor children, DONOVAN RIGDON, JUDGERY RIGDON and GYTH RIGDON, with Plaintiff being the primary domiciliary parent, subject to the reasonable visitation of Defendant; after completion of the required GRASP program per Court Rule XXII.
(Italics added.)
He appeals the judgment, asserting that the completion of GRASP should not be made a condition of his obtaining a divorce. We agree.
OPINION
We first note that the presence in the record of Mr. Rigdon’s certificate of completion filed does not render this appeal moot. While on the one hand, the judgment requires the applicant to complete the GRASP program, it also requires completion of the program pursuant to Rule XXII(9), which requires both parties to complete the program. A judgment must be certain and must not be based on any contingency. Crefasi v. Crefasi, 628 So.2d 1274 (La.App. 3 Cir.1993); McCall v. Henry, 539 So.2d 819 (La.App. 3 Cir.1989).
Additionally, La.Code Civ.P. art. 193 provides in part that “[a] court may adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure which are not contrary to the rules provided by law.” (Italics added.) Rule XXII(9) is contrary to La.Civ.Code art. 102, which provides in part:
[A] divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least one hundred eighty days prior to the filing of the rule to show cause.
L(Italics added.)
To the extent that Rule XXII(9) places the additional requirement of completion of the GRASP program on the granting of a judgment of divorce, it is invalid as being contrary to La.Civ.Code art. 102, and we strike down that portion of Rule XXII(9). We recognize that La. R.S. 9:306 allows the court to adopt rules to require the parties in a custody or visitation proceeding to attend and complete a court-approved seminar designed to educate and inform the parties of the *716 needs of the children. However, this statute does not authorize the court to adopt rules conditioning the granting of a judgment of divorce on the completion of such a program.
DISPOSITION
For the foregoing reasons, we annul and set aside the June 24, 1998 judgment of divorce and render judgment awarding Paul Ray Rigdon a divorce from Sandra Kaye Bushnell Rigdon. We strike down Rule XXII(9) of the Rules of the Thirty-Sixth Judicial District Court to the extent that it places the additional requirement of completion of the GRASP program on the granting of a judgment of divorce. We assess costs of this appeal to Sandra Kaye Bushnell Rigdon.
PRIOR JUDGMENT ANNULLED; AND JUDGMENT OF DIVORCE RENDERED.